OSCAR WILLIAMS, *Appellant*, v. LEONIE BETTELINI, *Appellee*.

Opinion Filed February 18, 1915.

Where a purchase is made of a lot in a particular block, and a deed placed in escrow pending final payment, conveys an adjoining lot instead of the one on which the purchaser builds his home with the knowledge of the vendor, and the mistake is not discovered, till after the conveyance is delivered, equity will decree a conveyance of the lot built upon and not a conveyance of 40 feet front of the lot on the theory that the lot described in the deed of conveyance contained only 40 feet

front while the lot built on with the knowledge of the vendor contains 50 feet front, since the purchase was of a lot, not a given number of feet front, and the evidence shows a relation of confidence between the parties and no negligence or laches on the part of the purchaser, an employee for many years of the vendor, such purchaser offering to do equity.

Appealed from Circuit Court for Duval County; D. A. Simmons, Judge.

Decree reversed.

*McGill & McGill,* for Appellants.

*C. M. Cooper, C. P. & J. J. G. Cooper,* for Appellee.

WHITFIELD, J.—The bill of complaint herein alleges in effect that in 1906 Fred Bettelini the owner of a number of lots of land in Block 19 of Auberts Additions to La Villa, Jacksonville, offered to sell to Oscar Williams on the installment plan one of the lots for $250.00, which offer was accepted, and said Bettelini instructed Williams to select his choice of the lots; that Williams selected Lot 8 of said Block 19 upon which he built his home; that Williams informed Bettelini of the lot he had selected; that Bettelini looked at the location so selected and approved the same; that Bettelini and his wife, Leonie Bettelini, executed a warranty deed intending to convey to Williams said Lot 8, "which was mutually intended between the complainant Williams and the said Fred Bettelini; but by mistake and inadvertence of the scrivener" the lot was described in the deed of conveyance as Lot 9 instead of Lot 8 as was mutually intended; that Bettelini furnished the necessary money for the house erected on the lot selected as aforesaid; that while the house was in process of erection, Bettelini accompanied by his wife, the defendant here, looked at the same and fully

acquiesced in the location and selection of the lot; that pending the payment of the purchase money for the lot, together with the money with which the house was erected, the deed of conveyance to the lot was held in escrow; that about March 3, 1909, the deed was delivered to complainant Williams who in ignorance of the mistake and inadvertence in the description of the lot, and without negligence on his part, the complainant Williams had the deed recorded; that from the execution of the deed in 1906 until the summer of 1911 complainant Williams "rested in the belief that the said deed contained a correct description of the said Lot 8 * which was intended to be conveyed to him;" that Bettelini died in April; 1909, leaving his wife the defendant his sole devisee and legatee; that upon discovering the mistake complainant requested the defendant to correct the same as equity requires, which has not been done; that complainant "is ready and willing and hereby offers to the defendant the said described lot so by mistake and inadvertence conveyed to him as the court may direct." The prayer is for a reformation of the deed "so as to truly describe the said Lot 8 * intended to be conveyed to the complainant," and for general relief.

By answer the defendant widow upon information and belief avers that her deceased husband "intended to sell to complainant and did agree to sell and convey to complainant Lot Nine;" that complainant himself attempted to locate on the ground said Lot 9 without securing the assistance of any surveyor or civil engineer or any person who had adequate knowledge or information as to the location of the lots of said block, or who was competent to ascertain the same, and said complainant by his own gross negligence and carelessness,

located the house which he began to build on Lot 8 *
instead of Lot 9, and built a dwelling house thereon;" that
Fred Bettelini did not see what lot complainant located
on, but as complainant undertook himself to locate upon
the right lot and did not seek to have Fred Bettelini
locate him thereon, that Bettelini supposed he was on the
right lot to-wit Lot 9; that the defendant Mrs. Bet-
telini did not intend to convey Lot 8 and on informa-
tion and belief denies that her husband intended to con-
vey Lot 8 to complainant; that Fred Bettelini did not
acquiesce in the location of the lot; denies any mistake
in the description of the lot in the deed of conveyance;
that Lot 9 fronts 40 feet while Lot 8 fronts 50 feet; that
defendant is willing to exchange 40 feet of Lot 8 for a
reconveyance of Lot 9. Replication was filed and testi-
mony taken. The chancellor decreed an exchange of con-
veyance covering 40 feet, and complainant appealed.

The theory of the bill is for a reformation of the deed
to Williams so as to cover Lot 8 instead of Lot 9 upon
a reconveyance by Williams of Lot 9. Equity is con-
tained in the allegations and there was no demurrer to
any parts of the bill.

It appears that Williams was a servant of Bettelini
continuing through a long period; that Bettelini agreed
to sell Williams a lot to be selected by the latter; that
Williams selected the lot in 1906, and Bettelini more
than once saw the dwelling house of Williams being
erected at the place selected by Williams which is on
Lot 8; that Williams did not see the deed of conveyance
till 1909 when he had finished his payments for the lot
and for the money loaned to build the house; that the
deed was received from Bettelini's sister; that Williams

had the deed recorded, and in 1910 discovered that his house was not built on Lot 9 but on Lot 8; that Williams "immediately" upon such discovery reported the mistake to Miss Bettelini from whom he received the deed; that Williams endeavored to have the deed corrected so as to cover Lot 8 on which his home was built.

The evidence discloses unusual confidence of Williams in Bettelini growing out of long employment of Williams as a servant, and there is shown no conduct constituting negligence on the part of Williams in not ascertaining when the deed was delivered to him, whether it in fact conveyed the lot on which he built his home. Under the circumstances Williams may well have assumed that Bettelini had conveyed the right lot. The deed of conveyance had been held in escrow by Bettelini's sister for several years, and until full payment was made. The course of dealing indicated confidence of an employee in his employer consequent upon long service, and difference in races, and no negligence or laches appear to deprive Williams of his equity.

The parties negotiated with reference to a lot; and the fact that Lot 9 is 40 feet front while Lot 8 is 50 feet front, does not appear to have been a consideration when Williams was allowed to select the lot he desired, and Bettelini saw the house several times while being erected on the lot selected by Williams. The inevitable conclusion is that Bettelini mistakenly conveyed Lot 9 under the impression that he was carrying out the sale he made to Williams of a lot.

The complainant's equities are not limited to 40 front feet of the lot on which his home was built under the circumstances stated; and the decree should have pro-

vided for a conveyance to Williams of the entire Lot 8 upon a proper reconveyance by him of Lot 9.

The decree is reversed with directions to enter a decree in accordance with this opinion.

It is so ordered.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.