SHELL CREEK LAND CO., *Appellant* vs. HOWARD WATSON AND ROWENA WATSON, *Appellees.*

Division A.

Opinion filed April 13, 1931.

*Waltmire & Hughes,* for Appellant;

*Thos. W. Butler,* for Appellees.

BUFORD, C.J.—This was a suit brought by the appellees against the appellant for rescission and cancellation of a contract and deed and for a return of the money paid for certain lands.

The bill alleges in effect that the complainants in the court below purchased certain lands from the defendant through an agent; that the agent pointed out the lands to the complainants and they agreed to buy that land which was pointed out, amounting to ten (10) acres more or less; that a paper plat had been made of the lands when the sale was made but no reliable survey had been made of it. When the survey was made the lots described in complainants' contract did not cover the location which they had visited and selected and which both they and the agent understood they were buying and which the defendant intended to sell them.

The record shows that the defendant owned the lands which were contemplated between the parties to be sold to the complainants and that the defendant had been at all times ready and willing to convey that land to the complainants and that at the time the contract for sale was made the agent for the defendant put the complainants in actual possession of that particular piece of land which they agreed to buy and that they erected thereon certain monuments or markers.

The case does not present a proper one for decree of cancellation and rescission. The mistake is not in what was intended to have been conveyed by either of the parties, but the mistake was in the deed and in the contract by way of an improper description.

Cancellation will not be decreed for mistake where re-

formation of the instrument will furnish an adequate remedy.

The record here shows that reformation of the instrument will give the vendees exactly what they contracted to buy and that the vendor is ready, willing and able to make that reformation. The complainants stated frankly, when under examination as witnesses in this case, that they did not want a deed to the land which they agreed to purchase because they do not think it is now worth what they agreed to pay for it. This is no reason for cancellation and rescission. ''The mere fact that an agreement is improvident is no ground for setting it aside.'' Hirschman vs. Hodges, etc. Co., 59 Fla. 517, 51 Sou. 550.

''Where it is clearly shown that a conveyance of land misdescribes the land intended to be conveyed equity will reform it.'' McRae vs. McMinn, 77 Fla. 876; Pryor vs. Davis, 58 Fla. 510, 50 Sou. 535; Williams vs. Bettelinni, 79 Fla. 193, 67 Sou. 857.

In Jacobs vs. Parodi, 50 Fla. 541, 39 Sou. 833, it was held:

''Where an agreement has been actually entered into, but the contract, deed or other instrument, in its written form, does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to make it conform to the intention, agreement and understanding of all the parties.''

For the reasons stated, the decree is reversed with directions that the bill be dismissed.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.