TAMPA NORTHERN RAILROAD COMPANY, a corporation, *Appellant*, vs. CITY OF TAMPA, a Municipal Corporation, *Appellee*.

140 So. 311.

Division B.

Opinion filed March 17, 1932.

Petition for rehearing denied May 5, 1932.

*Knight, Thompson & Turner,* for Appellant;
*M'abry, Reaves & White,* for Appellee.

TERRELL, J.—In September, 1927, Appellant filed its bill of complaint in the Circuit Court of Hillsborough County, Florida, praying for the reformation and correction of a deed of conveyance executed on the part of appellee to appellant June 21, 1907. A demurrer to the bill of complaint was sustained and appeal was taken from that order.

It is contended by appellee that the deed and conveyance were gratuitous, that the city was without authority to make it in the first place, and that a court of equity will not reform a gratuitous conveyance.

The record discloses that appellant in June, 1907, acquired title to certain lands in Hillsborough County known locally as "Hooker's Point", that said lands were in the form of a peninsula and were bounded on the east, west and south by the waters of Tampa Bay, and that the lands under the waters of Tampa Bay within the limits of the City of Tampa and adjacent to "Hooker's Point" being the lands involved in this controversy, were by Chapter 4882, Acts of 1899, Laws of Florida, granted to the City

of Tampa, that a question arose between appellant and the City of Tampa as to which one of them owned the submerged lands in Tampa Bay adjacent to "Hooker's Point,", but that said difference was composed by the City of Tampa agreeing to and passing its ordinance Number 440 conveying to appellant all interest the city had in and to these certain described submerged lands in Tampa Bay, adjacent to and extending from Hooker's Point, east and south, to the city limits, and west to the property of the Tampa Terminal Company on the condition that said property be used within ten years from date of the ordinance for railroad, shipping, warehouse, terminal, commerce, or other purposes permitted by the riparian act of the State of Florida. The record further discloses that on June 21, 1907, deed was executed by the City of Tampa to appellant in compliance with the terms of said ordinance but that the description in said deed is vague and indefinite and that while appellant had at all times rested in the assurance that it held title to all the submerged lands owned by the city of Tampa which the said deed and ordinance purported to convey, it (appellant) was advised by the city in August, 1926, that it (the city) claimed title to a portion of said submerged lands and that the said deed and ordinance did not in fact convey all the submerged lands belonging to and lying within the city to the south, east and west of "Hooker's Point".

It is admitted and is shown that at the time the deed was executed, the city intended to convey and appellant thought it was taking title to all the submerged lands claimed by the city to the east, west, and south of Hooker's Point. The city now contends that it did not convey to appellant all the submerged lands the deed and ordinance were intended to convey and that it was without authority to convey those lands it did convey.

In support of its contention as to lack of authority to

make the conveyance, the city invokes Section Ten of Article Nine of the Constitution of Florida, but that contention is foreclosed by the decision of this court in Bailey vs. City of Tampa, 92 Fla. 1030, 111 So. 119, where we held section ten of Article nine inapplicable to a transaction like this.

In State ex rel. Buford vs. City of Tampa, 88 Fla. 196, 102 So. 336, by majority opinion, this court held that chapter 4882, Laws of Florida, Acts of 1899, granted to the City of Tampa in fee simple absolute, all lands owned or held by the state in trust or otherwise lying within the corporate limits of the city, including lands wholly or partially covered by the tide, sawgrass lands and marsh lands, the bottom of Hillsborough Bay and the bottom of Hillsborough River. Said act also authorized the city of Tampa to enter into contract for the reclamation and development for residential purposes of the said lands together with Grassy Island, Depot Key and the mud flats adjacent thereto having no value for purposes of commerce and navigation. The lands involved in the instant case were covered by this grant and if the city was authorized to contract for their reclamation and development for residential purposes, by parity of reasoning, it was certainly authorized to contract for their reclamation and development for commercial, shipping, and docking purposes, they being public in their nature and in harmony with municipal functions. In the absence of what we decided in State ex rel. Buford vs. City of Tampa, supra, the deed and contract between appellant and the city appear to have been fully ratified and confirmed by Chapter 11230, Acts of 1925, Laws of Florida. The power of the city to make the conveyance was therefore plenary. This view is also in harmony with the spirit of Chapter 6781 and 6782, Acts of 1913, Laws of Florida.

The contention that the conveyance complained of was a mere gratuity is also without support. Gratuity im-

plies absence of consideration. Consideration is the inducement to a contract. In other words, it is the cause, motive, price, or impelling influence which induces one to enter into a contract. It may be valuable, as when founded on money or its equivalent, it may be good as when founded on morals or affection, it may be express as when specifically stated, or implied as when inferred by law from the conduct of the parties, it may be continuing as when consisting of acts performed over a period of time. Other classifications might be enumerated. A contract may be supported by any act of the plaintiff from which the defendant derives a benefit, or it may be supported by any labor, detriment or inconvenience, however small, sustained by the plaintiff, if such act as performed or inconvenience suffered is by the consent express or implied of defendant.

The record on this point discloses that the lands agreed to be sold amounted to approximately six hundred acres, that they were all low salt-water flats or marshes over which the tide ebbed and flowed and were for all practical purposes worthless. It is shown that appellant has in compliance with its contract filled in said lands and that they are now occupied and being used for terminal, shipping, warehouse and other commercial purposes, adding many thousands of dollars to the city's taxable values besides reclaiming and making valuable areas which were formerly worthless. It has also improved the city's shipping, port, and commercial facilities and all was done within the terms of the agreement. It would be difficult to describe a contract better supported from the standpoint of consideration. Haesloop vs. City Council of Charleston, 123 S. C. 272, 115 S. E. 596; Roberts vs. Northern Pac. R. Co., 158 U. S. 1, 15 Sup. Ct. Rep. 756, 39 Law. Ed. 873.

We think, therefore, that the deed brought in question should be reformed in accordance with the prayer of the

bill. Jackson vs. Magbee, 21 Fla. 622; Williams vs. Bettiline, 69 Fla. 193, 67 So. 857; Battey vs. Battey, 92 Fla. 512, 119 So. 584.

The decree of the Chancellor is accordingly reversed.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BUFORD, C.J., dissents.

---

### ON PETITION FOR REHEARING.

TERRELL, J.—On petition for rehearing our attention is directed to the fact that this appeal is from an order on a demurrer to the bill of complaint and that if said judgment is not sustained the defendant has its right to answer the bill and make an issue on the facts. It is suggested that notwithstanding this fact the main opinion of the Court uses language indicating that the cause was finally disposed of precluding the defendant from making any defense available to it.

We do not think the order of the Court susceptible of that interpretation nor was any language used in the opinion so intended. The order of reversal does not preclude the defendant from answering the bill and tendering such defense as it may have.

Other questions raised in the petition for rehearing were considered in connection with the main opinion.

Rehearing denied.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.