ANTONIO RODRIGUEZ, a minor, by his next friend, G. LARUSSA, v. L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of SEABOARD AIR LINE RAILWAY CO.

172 So. 849.

Opinion Filed February 9, 1937.

Rehearing Denied March 15, 1937.

*Hampton, Bull & Crom,* for Plaintiff in Error;

*Knight, Thompson & Turner, Peter O. Knight, Jr.,* and *John Bell,* for Defendants in Error.

DAVIS, J.—The amended declaration in this case, to which a demurrer was sustained and final judgment entered for defendant in the court below, shows that plaintiff, Antonio Rodriguez, a minor, was injured upon a freight train of the Seaboard Air Line Railway Company by the running of the defendant's train of cars; that after the injury, which consisted of the loss of one of plaintiff's legs, a claim agent of the railway company called upon Rodriguez, and being thereunto duly authorized to act for the company, obtained from Rodriguez, *in consideration of a promise by the claim agent to pay for certain necessaries,* including physician's services and an artificial limb, a certain written statement signed by plaintiff exonerating the railroad company from any negligence or claim for damage; that said written statement was by plaintiff delivered to defendant's claim agent, and that the claim agent's principals, the receivers for the said Seaboard Air Line Railway Company, have ever since retained said statement in their possession, and by reason thereof deny all liability to plaintiff on account of his injuries; that the father and mother of plaintiff were separated and that the father had waived in favor of his son, all claim against the railway company, wherefore plaintiff sued by his guardian appointed by the County Judge in that behalf.

The question to be decided on this writ of error to the

judgment below rendered on the demurrer to plaintiff's pleading, is whether or not the declaration, as amended, states a cause of action sufficient to withstand the defendant's demurrer.

The gravamen of the cause of action attempted to be sued upon, is not in tort, but is in contract to recover for the physician's service, medicine and the artificial limb promised by defendant's claim agent in return for, and in consideration of, the written statement signed by plaintiff and delivered to the claim agent, and still retained by defendant as an article of value to it, at least as an admission by the plaintiff against interest, sufficient to defeat an action for damages predicated on the circumstances of plaintiff's loss of his leg.

The declaration alleges, and the demurrer admits for the purpose of the pleading, that the railroad company has ratified, if it did not authorize, the alleged action of its claim agent in making the contractual promise sued upon, in that it has received and still retains the benefits of its claim agent's activities and promise in the premises. And it is undeniable as a proposition of law, likewise apparent on the face of the declaration, that the railroad's possession of the written signed statement of plaintiff so obtained by the railroad's claim agent, and now withheld by it as a result of the claim agent's promise to provide for plaintiff an artificial limb and satisfy his medical expenses, is of great value to the railroad company as evidence upon which the company can successfully avoid the added expense, and loss of time of its servants cast by law upon it by Section 7051 C. G. L., 4964 R. G. S., which makes it its duty as a railroad company if sued by the injured plaintiff for the loss of his leg, to "make it appear that (its) agents have exercised all ordinary and reasonable care and diligence,"

*the presumption* in all cases being against the company in cases of injuries and damage done to persons by the running of the locomotives, or cars, of the company.

It is immaterial to the cause of action sued upon, that plaintiff's written signed statement of exoneration is not in form a complete legal release of the railroad company. The fact remains undeniable on the face of the record that the statement is of pecuniary value to the railroad company because it will enable the company, if sued by Rodriguez, to refute the burdensome presumption of negligence cast upon it by Section 7051 C. G. L., *supra,* without going to the expense and inconvenience of calling its train crew as witnesses to make it appear that the loss of plaintiff's leg occasioned by the running of the Seaboard Air Line Railway Company's locomotives and cars, was not the result of its own failure to exercise all reasonable care and diligence in connection with the running of its locomotives and cars by which Rodriguez lost his leg.

The action of plaintiff below, being in contract, and for necessaries, connected with the injury of his person, was predicated upon a sufficient consideration, if the allegations of the declaration are sustained by proof. This is so because of the evidentiary value to the railroad company that inheres to the signed statement allegedly made out by plaintiff and delivered to the railroad company's claim agent on the faith of the latter's promise that the company would render to plaintiff, as its consideration therefor, payment for an artificial limb and medical expenses.

A contract may be supported by any voluntary act of the plaintiff from which the defendant derives a benefit in return for defendant's promise to do something on his part in return therefor. Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 Sou. Rep. 311; Forcheimer v.

Holly, 14 Fla. 239. The amended declaration sets up an enforceable promise within the principle of law as just stated. This is so because the act of plaintiff in signing and delivering to the railroad claim agent a statement in writing exonerating it from fault was done by plaintiff, according to the allegations of the declaration, solely and only because plaintiff was given defendant's promise in return therefor.

If as a matter of fact, no such promise was ever made by the claim agent as alleged, or the written statement delivered was the result of plaintiff's voluntary act in delivering it unconnected with any such alleged promise as that claimed, that is a matter to be presented by appropriate plea in denial of the alleged contract, and if issue is joined on such plea, raises a question of fact to be decided by a jury in due course of procedure.

But the demurrer to the declaration was not well taken and should have been overruled. Where a declaration does not wholly fail to state a cause of action, a demurrer thereto should not be sustained. Boyle v. Dolan, 97 Fla. 253, 120 Sou. 334.

The judgment should be reversed with directions to overrule the demurrer and have further proceedings according to law.

Reversed with directions.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.