135 So.2d 417 (1961)
Leslie J. MANGUS, Petitioner,
v.
Art PRESENT, trading and doing business as Art Present Realty, Respondent.
No. 40013.
Supreme Court of Florida.
July 7, 1961.
Rehearing Denied September 7, 1961.
Hylan H. Kout, Miami Beach, for petitioner.
Snyder, Young & Stern, North Miami Beach, for respondent.
PER CURIAM.
Leslie Mangus, petitioner, will hereinafter be referred to as Mangus; Art Present, trading and doing business as Art Present Realty, respondent, will hereinafter be referred to as Art Present. Mangus and Art Present were both in the real estate business. Mangus was plaintiff below and Art Present was defendant below. Mangus had a listing on certain real estate which was not exclusive. Mangus and Art Present entered into written contract whereby Art Present agreed to produce a purchaser for the lands described in the listing of Mangus and split commission [five percent] fifty-fifty. After executing the contract, Art Present produced a buyer and sold a portion of the said real estate, receiving a real estate commission of $5,500. Mangus demanded payment of one-half said commission but was refused payment, whereupon Mangus brought suit for damages against Art Present in the Civil Court of Record of Dade County. Art Present admitted the execution of the contract with Mangus and that he, Art Present, had received a commission for selling a portion of the real estate in the sum of $5,500, but interposed certain defenses to payment, the principal one of which was failure of consideration for the contract, in that Mangus did not have an exclusive listing, consequently, alleged Art Present, the contract was unenforceable. On motion of Mangus the trial court struck Art Present's defenses. The case went to trial on the single issue of whether *418 Mangus had a valid listing. The jury found for Mangus and awarded damages in the sum of $2,750, or one-half the commission secured by Art Present for making the sale. Art Present appealed to the District Court of Appeal which reversed and remanded the cause for a new trial. Petition for rehearing was seasonably proffered and denied.
Pursuant to Section 4, Article V, of the Constitution, F.S.A., and Rule 4.5, subd. c, Florida Appellate Rules, 31 F.S.A., Mangus seeks by certiorari to have reviewed by this court the decision of the District Court of Appeal, Third District, dated July 21, 1960, on the theory that it is in conflict with prior decisions of this court on the same point of law.
Mangus contends, in other words, that when the district court of appeal ruled that his [Mangus] contract with Art Present to sell the lands in question was bad for want of consideration, in that he [Mangus] did not have an exclusive listing, error was committed as revealed by prior decisions of this court on the same point of law.
To support his alleged conflict on the same point of law Mangus relies on Southern Life Insurance & Trust Co. v. Cole, 4 Fla. 359; George W. Robinson & Co. v. Hyer Bros., 35 Fla. 544, 17 So. 745; Silva v. Robinson, 115 Fla. 830, 156 So. 280; Jones v. McCallum, 21 Fla. 392; Henderson v. Kendrick, 82 Fla. 110, 89 So. 635; Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 141 So. 298, and Rodriguez v. Powell, 127 Fla. 56, 172 So. 849.
These cases have been examined but omitting Henderson v. Kendrick we do not think they show such a conflict on the same point of law as would authorize granting certiorari. They point out different aspects of consideration as well as what constitutes consideration to support a contract. Some of these cases come up with the rule that "consideration may consist of either a benefit to the promisor or a detriment to the promisee." Also a "consideration emanating from some injury or inconvenience to the one party, or from some benefit to the other party, is a valuable consideration."
In holding that if the listing held by Mangus was not exclusive "then the contract would be without consideration," [122 So.2d 585] the district court of appeal was in error. True, such a provision may be written in a sales contract by agreement of the parties but it was not done in the one under consideration and there is no such rule of law known to real estate transactions in this state. The trade [dealing in real estate] recognizes no such rule generally. This was the error on which the trial court was reversed, the damages involved having been awarded by a jury.
As pointed out above, to constitute a valid consideration there must be a benefit to the promisor or a detriment to the promisee. In holding as it did, the district court of appeal determined only that there was no detriment to the promisee, whether there was a benefit to the promisor the district court of appeal apparently did not consider. The question [benefit to the promisor], however, was a jury question.
In Henderson v. Kendrick, supra [82 Fla. 110, 89 So. 637], we held, "The detriment which will constitute a consideration for a promise need not be an actual loss to the promisee. It is sufficient if he does something that he is not legally bound to do." Mangus was not bound to furnish Art Present the listing. Under the holding of the district court, sale of the land by Art Present deprived Mangus of a commission which otherwise he could have secured, though Art Present got the listing which he contracted for but Mangus got nothing.
In Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611, 613, this court, speaking through Thomas, C.J., apparently held that jurisdiction on the theory of conflict will attach where there appears to be a conflict between the obiter dicta of one case *419 and the holding of another. We said in the opinion:
"* * * the court explored the inhibitions of the ordinance itself and concluded with the statement, which appears to have been pure obiter dictum, that the city had no power to deprive an owner of the legitimate use of his property because such use offended the aesthetic or refined taste of other persons.
"Lifting this statement out of context, taking it for face value and disregarding its gratuitous character, it conflicts not only with the decisions of the district court of appeal but also with the ruling of this court in City of Miami Beach v. Ocean & Inland Co. [147 Fla. 480, 3 So.2d 364], supra, upon which that court based its conclusion on this phase of the controversy, * * *.
"So the apparent inconsistency in the language of the two cases justifies the exercise of our jurisdiction under Sec. 4, Art. V of the Constitution, as amended 6 November 1956, F.S.A."
In the instant case the district court of appeal held:
"If the listing held by the plaintiff was not exclusive, then the contract would be without consideration because under it the plaintiff surrendered no right which could constitute a consideration, and it would not operate to prevent the defendant from obtaining a listing from the owner."
In so holding the district court of appeal announced a rule of law unknown to real estate transactions in this state. To compound the error, they supported it with authorities from Alabama, North Carolina and Wisconsin. In sum, the holding appears to be that a non-exclusive real estate listing possessed by one realtor and furnished another pursuant to written contract to split commission 50-50 could not be the basis of a valid consideration, thus rendering the contract void and unenforceable.
Based on such a rule of law, it is difficult to pinpoint a "real and embarrassing conflict" with a decision of this court or of another district court of appeal, however, this court has repeatedly recognized the rule to be that a consideration is present so long as the service rendered operates to the detriment of the promisee or to the benefit of the promisor. Every supreme court decision cited by petitioner herein recognizes this rule. An examination of the opinion of the district court reveals that the court in its obiter dicta reaches its decision by applying one-half of the above quoted rule, to wit, that under the circumstances of this case the promisee suffered no detriment, but the district court did not recognize or consider the other half of the rule whether the listing provided a benefit to the promisor.
By analogy we could as reasonably take the position that the decision of the district court of appeal based on one-half of the recognized rule in Florida conflicts with all decisions of this court wherein we have expressly recognized the rule detriment to the promisee or benefit to the promisor because of the rationale (obiter dicta) of the district court of appeal.
This theory of conflict is also supported by our decision in Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 313, 141 So. 298, wherein we held:
"A contract may be supported by any act of the plaintiff from which the defendant derives a benefit, or it may be supported by any labor, detriment, or inconvenience, however small, sustained by the plaintiff, if such act as performed or inconvenience suffered is by the consent express or implied of plaintiff."
We think Henderson v. Kendrick shows a basis of conflict on the same point *420 of law that would warrant granting certiorari. The Sunad case is also convincing and the Tampa Northern Railroad case is persuasive. Certainly they should be sufficient to correct an error so out of tune with the law. Otherwise, when the mandate goes down, the trial court will be compelled to grant summary judgment to Art Present which, in my judgment, would be a legal travesty.
For the reasons so stated, certiorari is granted, the judgment of the district court of appeal is quashed and the judgment of the circuit court is reinstated and affirmed.
ROBERTS, C.J., and TERRELL, HOBSON and DREW, JJ., concur.
THOMAS, THORNAL and O'CONNELL, JJ., dissent.