REED, Judge.
The appellant, Genevieve E. Trinter, brings this appeal from a final order of the County Judge for Martin County, Florida, which assigned and admeasured her dower in the estate of her husband, Robert D. Trinter, Sr., who died testate on 10 October 1965. The appellees are the executor of the estate, First National Bank of Stuart, and Carol Jean Bechtel and Robert D. Trinter, Jr., beneficiaries under the will of the deceased.
It appears from the record on appeal that the appellant and her late husband jointly and severally executed a demand note payable to the First National Bank of Stuart in the amount of $23,400.00. The note recited that it was secured by specifically described shares of stock deposited with the bank and contained provisions giving the bank the right to sell the stock to pay the debt and requiring the bank to return any overplus. The stock deposited with the bank as security belonged solely to the appellant’s husband. The note evidenced a loan by the bank to the appellant’s husband who used the funds to purchase a home title to which was taken in the appellant’s name only.
When the appellant’s husband died, the note was unpaid. Thereafter, the bank, which was also named as executor in the husband’s will, sold the securities and paid the debt, apparently returning the over-plus to the estate.
The appellant elected dower and filed a petition requesting the county judge to assign her dower. After a full hearing on the petition, the county judge entered an order which directed that the value of the securities used to pay off the note be deducted from the estate before calculating *356 the amount of dower. In other words, as we understand the county judge’s order, the widow’s dower in the pledged stock was limited to the overplus. The order was predicated on two findings by the county judge; (1) that, although the note created a specific lien on the pledged stock, such lien was “not such a limitation on the ownership of the stock as will of itself remove the securities from decedents [sic] estate subject to dower”, and (2) the joinder of the appellant in the note released her inchoate dower in the stock to the extent of the value of the stock used to pay the debt. The appeal is from this order, but does not question the first finding. The sole question presented by the appellant is whether or not her execution of the note released her right to dower in the stock to the extent of the debt remaining unpaid at the time of her husband’s death. The county judge held that the appellant’s execution of the note constituted a release of her right of dower in the said stock, and we concur.
The appellant testified at the hearing on the petition to assign dower that she did not borrow the funds represented by the note, but admitted signing the note and admitted that no demand had been made on her for payment of the note. From this testimony and from appellant’s testimony that the proceeds of the note were used to purchase a home title to which was taken in her name alone, the county judge was amply justified in concluding that the execution of the note by the appellant was intended by all parties thereto as a release of the appellant’s dower in such of the stock as may have been required to satisfy the debt evidenced by the note.
The appellant contends that there was no consideration for such a release apparently on the theory that the loan proceeds went not to the appellant, but to her husband. Looking to the substance of the transaction, it appears to us that the proceeds did move to the appellant as they were used to purchase a home for her. Aside from this, however, the loan from the bank to the appellant’s husband was adequate consideration, if such was necessary, to support a release of inchoate dower in personal property, Dorman v. Publix-Saenger-Sparks Theatres, 1938, 135 Fla. 284, 184 So. 886; Rodriguez v. Powell, 1937, 127 Fla. 56, 172 So. 849; Mangus v. Art Present Realty, Fla.1961, 135 So.2d 417.
We conclude that the order of the county judge was within his statutory jurisdiction to admeasure dower as conferred by Section 733.10 through Section 733.12, F.S. 1965, F.S.A., and was consistent with the statute on dower, Section 731.34, F.S. 1965, F.S.A., which, at the time of the death of Robert D. Trinter, Sr., provided:
“ * * * dower shall be * * * one third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow’s dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration ; provided, however, that nothing herein contained shall be construed as exempting any personal property from liability for any debt secured by written assignment, pledge, mortgage or other security instrument mortgaging, assigning, or pledging, or otherwise granting, or imposing a lien upon, such personal property, whether or not possession of such property is delivered to such mortgagee, assignee, pledgee, or other security holder * *
It should be noted that we are not called upon to decide and do not decide what the respective rights of the parties would have been had the appellant not joined in the execution of the note.
Affirmed.
McCAIN, J., and SMITH, CULVER, Associate Judge, concur.