306 So.2d 171 (1975)
O'Gwen L. KING, Appellant,
v.
James L. HALL et al., Appellees.
No. V-8.
District Court of Appeal of Florida, First District.
January 14, 1975.
Rehearing Denied March 5, 1975.
*172 Edward T. Barfield of Hahn, Reeves, Barfield & King, Pensacola, Gerald T. Wetherington, Coral Gables, and John R. Farrell, Miami, for appellant.
John M. Davis of Fitzgerald & Johnston, Milton, for appellees.
RAWLS, Chief Judge.
Appellant-buyer, in seeking reversal of a summary judgment denying specific performance, asserts the following two points on appeal: 1) Whether the agreement sued upon was supported by consideration; and 2) Whether there is a genuine dispute of material fact on the issue of buyer's timely acceptance of the offer presented by the option prior to withdrawal of the offer by the sellers.
Appellant-buyer was interested in purchasing nine acres of land from appellees-sellers. Buyer drew up a formal contract[1] entitled "Agreement", which was properly executed by the parties, containing detailed terms. One term was a purchase option, viz.:
"Seller shall give Buyer a fifteen (15) day no penalty option to purchase from the date of this instrument during which time the Buyer may decline to purchase the property and have the $3,000.00 reimbursed."
The $3,000.00 was deposited by buyer with sellers' agent, Mr. Adrian Hammond, Jr., a real estate salesman. Mr. Hammond testified without contradiction that he advised sellers within the fifteen-day period, orally and by delivering a copy of the letter of acceptance, that buyer was exercising his option. The dispute arose when, after buyer's acceptance, seller decided he did not wish to honor the contract. Seller Hall, in his deposition, did not contend he had not received notice of buyer's acceptance. Rather, he deposed that he was considering a possible swap of land with National Seashore and no longer intended to honor the agreement. Each party moved for summary judgment. The trial court granted summary judgment in favor of sellers on the following grounds, viz: 1) The agreement in issue was an option without consideration; 2) that the $3,000.00 was a good faith token tendered by the optionee/plaintiff (appellant-buyer) to optionors'/defendants' (appellees-sellers) agent but remained within discretionary control of the optionee/plaintiff (appellant-buyer) to withdraw prior to the exercise of the optionee/plaintiff (appellant-buyer) or the rescission of the option by the optionors/defendants (appellees-sellers); and 3) that the rescission of the option was timely made by the optionors/defendants (appellees-sellers).
The judgment must be reversed. The formal contract, together with depositions of all parties, reflect that an agreement was negotiated and reached.[2] The *173 payment of the $3,000.00 option money to sellers' agent constituted consideration as defined by elemental hornbook law, MacArthur v. North Palm Beach Utilities, Inc., 202 So.2d 181 (Fla. 1967). There is no disputed issue of fact. Each party recognized the absence of same by moving for a summary judgment. The only defense raised by sellers is that they had "backed out" and had conveyed that message to buyer prior to buyer's timely acceptance. By the terms of the agreement, sellers were bound and did not have the privilege of rescission; the trial court erred in so finding.
While buyer's $3,000.00 deposit could have been drawn down within the fifteen days granted by the option, it did constitute sufficient consideration to support the agreement as it was a detriment or inconvenience to buyer to post it. It was done to show good faith and buyer was deprived of the use of the money during the period it was posted. It does not matter that the burden to the buyer was small or that the benefit to sellers was small. As stated by the Supreme Court in Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 313, 141 So. 298 (1932):
"A contract may be supported by any act of the plaintiff from which the defendant derives a benefit, or it may be supported by any labor, detriment, or inconvenience, however small, sustained by the plaintiff, if such act as performed or inconvenience suffered is by the consent express or implied of defendant." [Emphasis supplied.]
The judgment appealed is reversed with directions to enter summary judgment in favor of appellant-buyer.
Reversed and remanded with directions.
BOYER and McCORD, JJ., concur.
NOTES
[1] Down payment, purchase price, interest rate, and annual principal payments were changed by pen and ink interlineations and initialed; all being in favor of sellers.
[2] Although buyer argues there was a genuine dispute as to material fact on the issue of his acceptance, he also argues that he was entitled to a summary judgment.