**In the Matter of Rodney and Hazel WILHOIT, Debtor(s).**

**Bankruptcy No. 82–2506.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 14, 1987.

See also, Bkrtcy., 34 B.R. 14.

George W. Phillips, Tampa, Fla., for Phillippe Langelier.

Francis Cobb, Tampa, Fla., for Maurice Langelier.

Jawdett Rubaii, Clearwater, Fla., for debtor.

### ORDER ON DEBTORS OBJECTION TO CLAIM OF PHILLIPPE LANGELIER

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is an objection by Rodney E. Wilhoit and his wife Hazel L. Wilhoit (Debtors) to the claim of Phillippe Langelier filed in the amount of $32,500.00. The Proof of Claim indicates this amount to be an approximation. The claim is based on the allegation that the Debtors breached an option contract and as a result Phillippe Langelier suffered damages in the amount stated in the claim. The Debtors, in challenging the claim under consideration, contend that they are not indebted to Phillippe Langelier in any amount, and certainly not in the amount claimed. The facts, which are basically without dispute and relevant to the resolution of the issues raised by the respective contentions of the parties, and which were established at the final evidentiary hearing, are as follows:

On January 8, 1981 the Debtors purchased from J. Maurice Langelier a 120 acre tract of land located in Hillsborough County, Fla. As part of the same transaction the Debtors executed a document titled "Option" (Exh. # 1). Under the terms of this agreement the Debtors granted to Phillippe Langelier, the son of Maurice Langelier, an exclusive option to purchase a five acre tract out of the 120 acres purchased from Maurice Langelier. The total stated consideration for this option was $10.00, and there is no evidence in this record that sum was, in fact, ever paid to the Debtors. The exclusive option was for 15 years, to terminate on January 8, 1996. The option was exercisable only if (1) the property was subdivided, or (2) if the Debtors sold all or part of the property described in a document attached to the Option agreement (Exh. # 1). Paragraph 3 of the Option provides that Phillippe Langelier will have 90 days to exercise the option after receiving a notice from the Debtors that the above mentioned conditions exist.

On January 10, 1984 counsel for the Debtors notified counsel for Phillippe Langelier that they intended to sell the property acquired from Maurice Langlier, and that this proposed sale activates the time to exercise the option. It is without dispute that Phillippe Langelier never did anything to exercise the option except for the response he caused to be mailed to counsel for the Debtors wherein he stated that he intended to exercise the option (Exh. # 3). He never indicated that he was willing to proceed to close and he never tendered the price fixed by the Option for the purchase of the five acre tract, that is $3,750 per acre, and of course no sale was ever consummated between the parties.

On November 24, 1982 the Debtors filed their petition for relief under Chapter 11. On that date none of the property acquired by the Debtors from Maurice Langelier was either sold or subdivided. On July 8, 1985 the Debtors filed their motion to reject the Option as a burdensome executory contract, and on July 23, 1985 this Court entered an order granting the motion and authorizing the Debtors to reject the Option and granted leave to Phillippe to file a Proof of Claim for damages if so deemed to

be advised. Thereafter, Phillippe Langelier filed the Proof of Claim under consideration and a motion for summary judgment. This Court granted a partial summary judgment and ruled that the amount of the claim of Phillippe Langelier if allowed should be the value of the option as of the date of the order for relief, i.e. November 24, 1982, the date of the commencement of the case.

Based on the following facts it is the contention of the Debtors that the claim of Phillippe Langelier should not be allowed in any amount and certainly not in the amount claimed for the following reasons:

First, it is the contention of the Debtors that Phillippe Langelier paid nothing for the option, they received no consideration for the same, and therefore the Option contract is not enforceable as a matter of law.

Second, in any event, if there was a valid option contract, it was never exercised by Phillippe Langelier within the time specified in the Option, therefore the option expired by its own terms and, therefore, the Debtors cannot be held liable for a breach of an expired option contract.

Third, according to the Debtors, the option, if there was a valid option contract, had no market value on the date of the commencement of this Chapter 11 case, that is, on November 23, 1982.

Fourth, in any event, the claimant offered no competent evidence to establish the market value of the option, therefore the claim cannot be allowed in any amount.

The allowance of claims against the estate is covered by § 502 of the Bankruptcy Code. This Section provides in subclause (b) that claims filed are deemed to be allowed unless such claims are not enforceable against the debtor or property of the debtor, *under any agreement* (emphasis supplied), or under applicable law. While a claim carries a presumptive validity if filed in substantial conformity with the official Proof of Claim Form (Form 19), *see Notes of Committee on the Judiciary, S.Rep. No. 95–980*, it is clear that once the claim is

challenged the burden of ultimate persuasion is upon the claimant to establish that is is entitled to the allowance of the claim.

It is without dispute that there was no separate consideration for the option granted by the Debtors to Phillippe Langelier, and the purchase price fixed in the Option was the same regardless of the execution of the option.

Of course, the inquiry must begin with the enforceability of the Option under local law. This is evident because if the Option is not enforceable under the laws of this State, the question of whether or not the option was properly exercised is academic. So is the question of damages flowing from the Debtor's rejection of the Option, because if the Option expired there was no longer an executory contract in existence which required either an assumption or rejection with the approval of this Court.

It is well established that under the laws of this State an option to purchase real estate must be supported by valuable consideration. *Melvin v. West,* 107 So.2d 156 (Fla. DCA 1958). Absent a valid consideration it is nothing more than an offer which may be withdrawn by the offeror before acceptance. *Donahue v. Davis,* 68 So.2d 163 (Fla.1953).

Phillippe Langelier concedes, as he must, that an option contract to be enforceable must be supported by legal consideration, but contends that the Option recites consideration, i.e. $10.00, and in the absence of anything to the contrary this is sufficient legal consideration to support the Option. In addition, it is the contention of Phillippe Langelier that, in any event, payment of money for the option is not necessary and the slightest benefit to the grantor of the option and the slightest detriment to the optionee is sufficient consideration to support the option. *See Benson v. Chalfonte Development Corp.,* 348 So.2d 557 (4th DCA 1976); *King v. Hall,* 306 So.2d 171 (1st DCA 1975).

Considering these contentions and in light of the facts of this contested matter, it is clear that this option was not

supported by any sufficient consideration for the following reasons: As asserted earlier, while the $10.00 consideration is conceivably sufficient to support the option, there is no evidence in this record that it was, in fact, paid, and absent of any proof it is fair to infer that it was not paid. Next, considering the contention that the execution of the Option was an inseparable and integral part of the sale and purchase of 120 acres, there is nothing in this record to show that the purchase price per acre was the same with or without the option, and there is nothing to establish that the price per acre was reduced, and without the option would have been higher.

Based on the foregoing, it is evident that there is nothing in this record to show any benefit to the Debtors which would support the option. Neither is there any showing of any detriment suffered by the optionee, Phillippe Langelier. Even assuming there was some detriment suffered, in any event, it was suffered by his father, Maurice Langelier, and not by him.

 Based on the fact that the sale, purchase, and execution of the Option was simultaneous and part of the overall transaction, Phillippe Langelier contends that the two documents must be construed together, thus the consideration for the sale and purchase would support the Option. 22 *Fla. Jur.2d Contracts* § 122 (1979). This, without doubt, correctly represents Florida law, but it is inapposite to the issues under consideration simply because the sale and purchase was between Maurice Langelier and the Debtors, and not between Phillippe Langelier and the Debtors. The option was not granted to Maurice Langelier, but to Phillippe Langelier. Phillippe Langelier cannot bootstrap himself by any consideration of the transaction between the Debtors and his father. Since it is clear that the Option was not supported by independent legal consideration, it was not an enforceable option contract, thus whether it was actually exercised is immaterial as is the legal competency of the testimony on the value of the option.

Thus, even assuming that Phillippe Langelier did at least timely state his intention to exercise the option by the letter written by his counsel to counsel for the Debtors, and did actually exercise the option, a proposition not free from doubt, it could not enforce his rights under the option due to lack of consideration. This being the case, the claim filed in this case cannot be allowed by virtue of § 502(b)(1) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim filed by Phillippe Langelier in the amount of $32,500.00 be, and the same is hereby, sustained and the same is disallowed in toto.