POLEN, Judge.
In this case the appellee Avery Marks was faced with foreclosure on her condominium. She was introduced to the appellant Gerfried Mueller, a German citizen, who agreed to purchase the unit. The parties executed a contract after agreeing that the appellee would be able to reside in the unit for five years, and the appellant could, during that five years, use the unit during his intermittent visits to this country. The appellant was to pay for the unit over the course of the five-year period, making payments on a purchase money mortgage which he obtained from the appellee. The appellant was to pay the taxes and certain other expenses for the unit in the same manner as the landlord of an apartment.
The appellee instructed her attorney to prepare a deed which would protect her right to possess the unit for the five-year period. The appellee’s attorney inserted a clause into the deed which provided that the appellee retained “a life estate for five years.” The appellant was not represented by an attorney at the closing and he did not notice that the clause had been inserted into the deed. The appellee’s attorney testified that he inserted the clause on the night before the closing, though he admitted that the deed, with the clause, did not conform to the contract for sale of the unit which was negotiated between the parties earlier.
*1338 After the closing the parties occupied the unit together as contemplated. Thereafter, the parties began to disagree over various matters and the appellee sued the appellant for ejectment and for declaratory judgment. The appellant counterclaimed for breach of contract, reformation of the deed based on mutual mistake, reformation based on fraud, ejectment, eviction and partition. After a trial, the court found that the appellee was entitled to exclusive possession of the unit for five years, with the appellant paying all of the expenses associated with the unit and continuing to pay the appellee on the purchase money mortgage. The trial court gave the aforementioned clause in the deed the effect of a life estate in favor of the appellee for a term of five years, and refused to reform the deed as requested by the appellant. We reverse.
The trial court heard the testimony of the attorney who prepared all of the documents necessary for the sale of the unit, including the contract and the deed. The attorney admitted that the deed did not conform to the terms of the contract, and that the parties had agreed to use the unit jointly in contradiction of his advice that the arrangement would not work. The deposition of the real estate broker who introduced the parties was admitted into evidence at trial. The broker testified that the appellee was adamant about getting a European to buy her condominium because she would then arrange to live there while the buyer only used the place from time to time. The testimony of the parties did not substantially contradict that of the other witnesses.
All of the evidence clearly showed that the deed purporting to grant the appel-lee a “life estate for five years” was not in conformity with the contract for sale of the condominium. The appellant was therefore entitled to reformation of the deed. Weid-ner v. Dunwody, 229 So.2d 316 (Fla. 4th DCA 1969). Where a deed does not express the true intention of the parties because of a mutual mistake, as in the case at bar, then the trial court should reform the deed to express the terms of a freely negotiated contract for sale. Kidd v. Fowler, 498 So.2d 969 (Fla. 4th DCA 1987).
In a reformation action, parol evidence is admissible to determine the true intention of the parties. Ayers v. Thompson, 536 So.2d 1151 (Fla. 1st DCA 1988). In the instant case the parol evidence introduced by the appellant at trial further supported the obvious discrepancies between the contract for sale and the deed. We find that, under the circumstances of this case, where the appellant had met his burden of proof by clear and convincing evidence, the trial court should have determined the intention of the parties and reformed the deed accordingly.
The deed should provide that the appellant owns the condominium in fee simple. The appellee owns no interest in the unit itself, however, she does have a tenancy for five years as agreed between the parties; she is not, as suggested by the appellant, a tenant at will. The appellant has the right to reside in the unit while he is in the United States.
On remand, the trial court shall determine which expenses will be paid by the appellant in light of the contract between the parties. We note that despite appellant’s contract right to part-time occupancy, there is obviously a problem, apparent in the record, concerning their living together in the unit. This opinion should not be construed as depriving the trial court of jurisdiction to apply legal or equitable remedies in any litigation as to their occupancy rights to the same extent that it might in any dispute between cotenants. The appellant shall continue to be responsible for the purchase money mortgage which he negotiated with the appellee.
The relationship between the parties is actually as landlord and tenant, with the appellee as a tenant for years. The tenancy is controlled by the agreement between the parties which the trial court will construe in a manner not inconsistent with this opinion.
Finally, we find that the record does not support the trial court’s finding that the signature on the handwritten contract for *1339 sale of the personal property was a forgery.
REVERSED AND REMANDED.
DOWNEY and STONE, JJ., concur.