M. D. SWISHER AND L. R. BAKER, CO-PARTNERS UNDER
THE NAME AND STYLE OF M. D. SWISHER, *Plaintiffs in
Error*, v. J. A. CONRAD, *Defendant in Error*.

Opinion Filed January 11, 1919.

1. Every agreement which is required to be in writing under
   the Statute of Frauds, must be certain in itself, or capable
   of being made so by a reference to something else whereby
   the terms can be ascertained with reasonable certainty,
   without reference to parol proof. The entire agreement
   must be in writing and signed by the party to be charged.

2. An executory agreement for the sale of land which fails
   to describe or otherwise identify the land and to name the
   purchase price and time of payment, is not enforceable.

3. The written memorandum for the sale of land required
   by the Statute of Frauds cannot rest partly in writing and
   partly in parol, but the written memorandum must disclose
   all the terms of the sale.

4. The Statute of Frauds requires that where there is a con-
   tract for the sale of lands "the agreement or promise * * *
   or some note or memorandum thereof, shall be in writing."
   If the agreement or the promise or the note or memoran-
   dum thereof that is in writing, does not of itself or by
   permissible and proper reference disclose the essential terms
   of the contract to which the signed agreement or promise
   or the note or memorandum thereof refers, no action can
   be brought thereon, since the Statute is designed to pre-
   scribe the only mode by which an otherwise enforceable
   contract may be evidenced.

5. A check endorsed "For first payment Conrad property foot
   of Waddell St." and the amount thereof paid to the land
   owner's agent, is not a sufficient "agreement or promise
   * * * or note or memorandum thereof" to evidence a
   contract for the sale of land under the Statute of Frauds;

and an action for ·damages for refusal to convey land cannot be maintained on such check.

Writ of Error to Circuit Court for Dade County; H. F. Atkinson, Judge ad litem.

Judgment affirmed.

*Rose & Robineau,* for Plaintiffs in Error;

*Carson & Willard,* for Defendant in Error.

WHITFIELD, J.—An action was brought by the appellants to recover damages for an alleged breach of contract to sell lands. A demurrer to an amended declaration was sustained, and the plaintiffs declining to further amend, judgment for defendant on the demurrer was rendered and the plaintiffs took writ of error.

The real question presented is whether the following check and the endorsements thereon constituted such a contract for the sale of lands as satisfies the requirements of the statute of frauds, *viz*:

"Miami, Fla., 3/12-1919 No. 182.

"THE FIRST NATIONAL BANK OF MIAMI

"Pay to the order of E. A. Waddell.......... $200.00

"Two Hundred .........................DOLLARS.

"For 1st payment
   "Conrad property
      "Foot Waddell St.

"M. D. Swisher.

"(Endorsed on back) E. A. Waddell

"(Perforated in check) Paid 3-12-12."

E. A. Waddell is alleged to have been the agent of J. A. Conrad.

The material portions of the Florida statute of frauds is as follows: "No action shall be brought * * * upon any contract for the sale of lands * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized." Sec. 2517, Gen. Stats., 1906, Compiled Laws, 1914.

"Every agreement which is required to be in writing, under the statute of frauds, must be certain in itself, or capable of being made so by a reference to something else whereby the terms can be ascertained with reasonable certainty, without reference to parol proof. The entire agreement must be in writing and signed by the party to be charged." Eckman & Vetsburg v. Brash & Son, 20 Fla. 763.

An executory agreement for the sale of land which fails to describe or otherwise identify the land and name the purchase price and time of payment, is not enforceable in a court of equity. Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416; Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla.    , 79 South. Rep. 836.

The written memorandum for the sale of land required by the statute of frauds cannot rest partly in writing and partly in parol, but the written memorandum must disclose all the terms of the sale. Rhode v. Gallet, 70 Fla. 536, 70 South. Rep. 471.

Our statute of frauds requires that where there is a contract for the sale of lands "the agreement or promise * * * or some note or memorandum thereof, shall be in writing." If the agreement or the promise or the note or memorandum thereof that is in writing, does not of itself or by permissible and proper reference dis-

close the essential terms of the contract to which the signed agreement or promise or the note or memorandum thereof refers, no action can be brought thereon, since the statute is designed to prescribe the only mode by which an otherwise enforceable contract may be evidenced. In other words, a note or memorandum in writing duly signed will not satisfy our statute of frauds unless such writing contains the essential elements of an enforceable contract. In this case a check drawn by plaintiff to the order of defendant's alleged agent bears an endorsement "For 1st payment Conrad property foot of Waddell St.," and the endorsement of the alleged agent of the defendant, with perforations showing payment. This check, with its endorsements, obviously does not disclose the essential elements of an enforceable contract for the sale of lands. The endorsement as to the check being the first payment on property does not show the existence of an enforceable contract for the sale of lands. See 38 Am. St. Rep. 116; 2 Page on Contracts, Sec. 702.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.