MAJOR SCHOFIELD, *Plaintiff in Error*, v. J. H. TALLEY, *Defendant in Error.*

## Opinion Filed March 27, 1920.

The following contract for the sale of land, to-wit: "Miami, Fla., 3/2/18. Received of J. H. Talley One Dollar in part payment, balance due on Lot 9, Block 108 A, South, City of Miami, Fla.—Deeds( to Lot 11 Block 7 Ocean Beach Sub. Contract on 2 lots in Beverly Addn. to Miami, Fla., & $999.00 cash. Major Schofield." sufficiently states the price and terms of sale and a description of the property to meet the requirements of the statute of frauds as to the "agreement or promise" that "shall. be in writing."

A writ of error to the Circuit Court for Dade County, H. Pierre Branning, Judge.

Judgment · affirmed.

*Atkinson* & *Burdine*, for Plaintiff in Error;

*Carson, Willard* & *Knight*, for Defendant in Error.

WHITFIELD, J.—Talley recovered a judgment against Schofield for a repudiation of a contract to convey land, and Schofield took writ of error. The contract is as follows: .

"Miami, Fla., 3/2/18.

"Received of J. H. Talley One Dollar in part payment balance due on Lot 9, Block 108 A, South, City of Miami, Fla. —(Deeds to Lot 11 Block 7 Ocean Beach Sub. Contract on 2 lots in Beverly Addn. to Miami, Fla. & $999.00 cash). .

Major Schofield."

The main contention is that the quoted contract is insufficient to satisfy the statute of frauds prescribing that "No action shall be brought  *  upon any contract for the sale of lands  *  unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof; shall be in writing and signed by the party to be charged therewith," etc.   Sec. 2517 Gen. Stats. 1906, Compiled Laws, 1914.

By its terms the contract sufficiently gives the price and terms and description of the property. The price is deeds to a described lot of land, a contract on two lots of land in a stated addition to Miami, Florida, and $999.00 cash.   The terms of payment are stated to be stated sum in cash, that is present payment in money on demand.   The "deeds" and "contract" were likewise to be delivered on demand.   This is the manifest import of the terms used.

In view of the language used in the contract, it is not necessary to resort to parol evidence to ascertain the purchase price or the terms of a payment intended by the agreement.   The contract furnishes sufficient means for locating the land; and the identity of the land described may be located in any proper way by the use of the description contained in the contract.

"The rule is that the contract or memorandum must identify or point out a special tract of land as within the minds of the parties, and intended to be conveyed. It must so describe the land 'as it can be found, or located, or in other words, there must be such a description as can be applied to a particular piece of land as the subject of the  contract.   A detailed description is not necessary.   Where the description shows that a

particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to supply the description, or identity, or locate the land, though the description be somewhat general. However precise the description, a resort to parol evidence for such purpose is always necessary to apply it, or ascertain the land described. This is not adding anything to the terms of the agreement or memorandum, and consequently not a violation of the statute." Lente v. Clarke, 22 Fla. 515, 1 South. Rep. 149. See also South Florida Citrus Land Co. v. Walden, 59 Fla. 606, 51 South. Rep. 554; Conroy v. Woodcock, 53 Fla. 582, 43 South. Rep. 693, 25 R. C. L. 653.

No material errors appearing in the record, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.