HENDRY, Judge.
The defendant below appeals from a final decree specifically enforcing a contract whereby appellant agreed to sell and appellees agreed to buy certain real property located at 5811 North Kendall Drive, Dade County, Florida.
It was the chancellor’s findings that:
“a) On October 1, 1958, defendant gave plaintiffs a valid option, in writing, to purchase the real property herein involved, on or before September 30, 1959;
“b) Prior to that latter date, said option was extended for an additional period of one (1) year, at the instigation and request of the defendant;
“c) That certain copies of letters and other documents received in evidence herein constitute written evidence of said extension of time for exercise of option;
“d) The plaintiffs agreed to buy and the defendant agreed to sell the real property herein involved, upon terms and conditions evidenced by the testimony herein and certain written proofs' received in evidence;
'“e) The option was not exercised within 'the time provided through no fault of the plaintiffs, but through the sole fault of the defendant, and for that reason and the reasons set forth hereinbelow, defendant is estopped from denying that plaintiffs complied with the terms of said option;
“f) Part of the consideration under said option to purchase as extended, was paid to defendant by' plaintiffs; the plaintiffs were at all times herein involved, from October 1, 1958, to the date of this decree, in possession of said premises or property; and the plaintiffs made valuable and permanent improvements on said real property with the knowledge, acquiescence and consent of the defendant, during the entire period of time they so occupied said real property, and prior to the institution of this suit;
“g) The plaintiffs are entitled to have specific performance of their comprehensive, integrated, valid contract for purchase of said real property from the defendant.”
The appellant contends that she never agreed, either orally or in writing, to an extension of option to purchase and that the evidence was insufficient to remove this contract from the operation of the Statute of Fi-auds, to-wit: § 725.01, Fla. Stat., F.S.A.
From our review of the partial record on appeal we are unable to say that error was committed by the chancellor. The chancellor’s decree indicates that he was well acquainted with the elements of proof required either to satisfy the Statute of Frauds or to take this transaction outside its operation. The appellant had the burden of proving on appeal that the decree was erroneous both on the theory of requisite written memorandum[1] and the *549 theory of part performance.[2] We hold that the appellant has failed to sustain the burden imposed upon her. Accordingly, the final decree should be, and it is hereby, affirmed.
Affirmed.

. See Rundel v. Gordon, 92 Fla. 1110, 111 So. 386; Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256; Swisher v. Conrad, 76 Fla. 644, 80 So. 564; Hef- *549 fernan v. Keith, Fla.App.1961, 127 So. 2d 903.

. See Miller v. Murray, Fla.1953, 68 So. 2d 594; Todd v. Hyzer, 154 Fla. 702, 704, 18 So.2d 888.