HENDRY, Judge.
Appellant-defendant Carnes (seller) seeks review of an adverse final judgment entered in a non-jury trial ordering specific performance of a contract to convey certain improved realty and ordering ap-pellee-plaintiff Harris (buyer) to pay $1,400.00 as the purchase price for the home with furnishings.
*238 The written contract, in its entirety provided :
"18 March 1970
"RECEIVED FROM KENNETH R. HARRIS FOUR HUNDRED _ DOLLARS FOR DEPOSITS AS DOWN PAYMENT NO. 9975 S.W. 213th TERR., MIAMI, FLA. STREET BALANCE DUE $800.00 BY 1 JULY 1970 $ XXXXXXXX ROBERT M. CARNES 'PROVIDING KEYES PENN APPROVAL' R.M.C. MADE IN USA"
The parties dispute whether there was a contract, and even assuming that there was a contract the parties disagreed as to whether furnishings were included in the purchase price. The appellee testified orally that he intended to assume a first mortgage; however, the appellant presented oral evidence that the intent of the parties was that he was to receive a second mortgage.
The written document made no reference to the existing escrow account between them. The appellee did not sign this document.
We reverse the order appealed decreeing specific performance of this written document because it was not sufficiently definite to support a decree of specific performance. Those cases dealing with the requirements of the statute of frauds are sufficiently analogous to support our view.
Under the Statute of Frauds, § 725.01, Fla.Stat., F.S.A., the rule is well settled that the written memorandum of a contract for the sale of land must contain the essential elements of the contract. This contract does not meet these requirements and does not satisfy the statute of frauds.
Rundel v. Gordon, 92 Fla. 1110, 111 So. 386, was a suit in equity seeking specific performance; the order sustaining a demurrer to the bill brought by the purchaser against the seller and dismissing the bill was affirmed on appeal. At p. 389, the court explained:
“When written memoranda are relied upon to take a contract for the sale of land out of the statute of frauds, the writings themselves should show the essential elements of the contract. The matter of consideration, manner of payment, security for deferred payments, interest, dates when they shall become due, acts to be done by either party, and other essential conditions of the contract must so appear from the written memoranda constituting the contract . . . Swisher v. Conrad, 76 Fla. 644, 80 So. 564;
“In the latter case it was held that the written memoranda for the sale of lands required by the statute cannot rest partly in writing and partly in parol, but the written memoranda must disclose all the terms of the sale. . . . ”
Accord: Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256, 258 (en banc).
The appellee has relied upon Schofield v. Talley, 79 Fla. 406, 84 So. 193, to support his position. The case is distinguishable in that it was an action at law for damages, rather than a suit formerly cognizable in equity for specific performance.
The judgment appealed is reversed on the grounds that it lacks sufficient specificity and the cause is remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.