289 So.2d 55 (1974)
Samuel M. COHODAS, Appellant,
v.
Harry RUSSELL, Appellee.
No. 73-659.
District Court of Appeal of Florida, Second District.
January 23, 1974.
Rehearing Denied February 22, 1974.
Patrick J. Murphy of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellant.
*56 Daniel E. Scott of Dillon & Scott, Sarasota, for appellee.
GRIMES, Judge.
This is an interlocutory appeal from an order denying the defendants' motion to dismiss the amended complaint.
According to the amended complaint, the defendant, Samuel Cohodas, agreed to sell certain land to the plaintiff, Harry Russell, but Cohodas later repudiated the agreement. A copy of a letter purporting to contain the terms of the agreement was attached to the amended complaint. The letter, which was signed by Cohodas and mailed to the plaintiff, read as follows:
 "September 7, 1972
Mosby & Russell Engineering Associates, Inc.
Box 1779
Sarasota, Florida
ATTENTION: Mr. Harry Russell
Dear Mr. Russell:
In reference to our phone conversation, I am enclosing you a legal description of the property in question.
It consists of 120 acres net. The price is $2200 an acre.
We are willing to give you an option of six months upon receipt of a $5000 down payment  an extension of three months if necessary. The $5000 advance against the option is to be deducted from the purchase price, if no purchase price the $5000 is forfeited.
Let us hear from you immediately.
 Sincerely,
 /s/ Sam Cohodas
 S.M. Cohodas
SMC/ma
Enclosure"
A detailed legal description of the property accompanied the letter. In his suit, Russell sought specific performance, or, in the alternative, damages for breach of contract. Mrs. Cohodas was joined as a defendant on the premise that she claimed a dower interest. According to the allegations, Russell tendered to the defendants an earnest money deposit of $5,000 which the defendants accepted and retained. The defendants moved to dismiss on the ground that the letter which is said to be the written contract with respect to the sale of land was insufficient to comply with the Statute of Frauds, Fla. Stat. § 725.01, F.S.A.
By its wording, the Statute of Frauds specifically encompasses a contract for the sale of land. The written memorandum relied upon to meet the requirements of the Statute must disclose all of the essential terms of the sale. The provisions of the contract cannot rest partly in writing and partly in parol. Swisher v. Conrad, 76 Fla. 644, 80 So. 564 (1919).
The Supreme Court affirmed an order dismissing a complaint for specific performance of a real estate contract in Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (1927), on the ground that written memoranda did not include the essential elements of the transaction. The court said:
"... The matter of consideration, manner of payment, security for deferred payments, interest, dates when they shall become due, acts to be done by either party, and other essential conditions of the contract, must be certain, and must so appear from the written memoranda constituting the contract...."
In Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256 (1926), the Supreme Court construed an exchange of correspondence as not containing the essential elements of a contract for the sale of land so as to comply with the Statute of Frauds. As a premise for its holding, the court pointed out:
"... [T]here is no reference to the amount of the initial cash payment *57 or what proportion it bears to the total purchase price, nor is the total purchase price or the terms of the alleged sale set forth in any writing, signed by the party to be charged... ."
Applying these principles to the instant case, we find a written memorandum signed by the party against whom the action is brought, which clearly sets forth the names of the parties, the purchase price and the property description. The defendants point out that among the items not covered by the memorandum are the manner of conveyance, the warranties to be given, the responsibility for the payment of documentary stamps, intangible tax and recording fees, the responsibility for procuring an abstract or title insurance and the responsibility for insuring improvements on the property while the alleged contract remained executory. Rather than being essential elements of the contract, these matters could properly be characterized as details determinable by reference to the customs incident to local real estate transactions. In the absence of a specified closing date, it could be assumed that closing would take place within a reasonable time. First Mortgage Corporation of Stuart v. deGive, Fla.App. 1965, 177 So.2d 741.
More significant is the fact that the letter is silent with respect to the time for payment and the manner of payment. In short, one cannot tell whether the parties intended this to be a cash or a credit transaction.
The written memorandum relied upon to support an action for breach of a real estate contract in Schofield v. Talley, 79 Fla. 406, 84 So. 193 (1920), acknowledged receipt of "one dollar in part payment balance due" on a described lot "and $999.00 cash." The Supreme Court held this to be a sufficient recitation of the terms of payment as to comply with the Statute of Frauds.
On the other hand, in Carnes v. Harris, Fla.App. 1972, 256 So.2d 237, the written memorandum consisted of a receipt for $400.00 "for deposits as down payment" on a described lot with "balance due $800.00 by 1 July 1970." The court held that the receipt was not sufficiently definite to meet the requirements of the Statute of Frauds. The case of Schofield v. Talley, supra, was distinguished on the basis that Schofield was an action at law for damages, whereas Carnes was a suit for specific performance. We do not have to decide whether we agree with the rationale relied upon to distinguish these two cases[1] because each of the receipts given in the two cases contained more "terms" of the agreement than the Cohodas letter.
In order for the Cohodas letter to meet the requirements of setting forth the terms upon which the purchase price was to be paid, we would have to presume that since credit was not mentioned, the parties must have intended the purchase price to be paid in cash. Authority for such a presumption may be found in certain cases from other jurisdictions which are cited in 23 A.L.R.2d 164 at page 194. As the annotator points out, several courts have held that the writing need not state the time of payment when by a fair presumption the transaction appears to be a cash sale and no agreement to the contrary appears.
Nevertheless, this court does not believe that it ought to be presumed that the parties intended a cash transaction when there is absolutely nothing in the written memorandum to suggest whether cash or credit was contemplated. There may have been a time when most real estate transactions were consummated by the payment of cash, but this was before the impact of income taxes became such a major consideration in the sale of land. We think it no more reasonable to presume that Cohodas intended to sell his land for $264,000 in cash than it would be to presume *58 that he intended to sell on an installment basis secured by a purchase money mortgage. Since the letter does not include one of the essential provisions of the alleged agreement, it fails to satisfy the Statute of Frauds.
While the Statute of Frauds is an affimative defense, it may be raised by motion to dismiss where it appears as a defense on the face of the complaint. Rule 1.110(d) FRCP, 30 F.S.A. Accordingly, the order of denial is reversed with leave to the plaintiff to file a second amended complaint whereby he may be able to allege sufficient additional writings to meet the requirements of the Statute of Frauds,[2] or in any event, to state a cause of action for the return of his $5,000 deposit.[3]
McNULTY, A.C.J., and JOHNSON, W. CLAYTON, Associate Judge, concur.
NOTES
[1] See 2 Corbin on Contracts, Sec. 231; Swisher v. Conrad, supra; Canell v. Arcola Housing Corp., Fla. 1953, 65 So.2d 849.
[2] Cf. Mehler v. Huston, Fla. 1952, 57 So.2d 836; Meek v. Briggs, 1920, 80 Fla. 487, 86 So. 271.
[3] See Neveils v. Thagard, Fla.App. 1962, 145 So.2d 495.