COBB, Judge.
The appellants, Mr. and Mrs. Chambers, appeal from a final judgment denying them specific performance of a contract for the sale of land located in Orange County, Florida.
The evidence at trial indicates that in early 1980, Mrs. Chambers, who lived in Arizona, contacted Mr. Siler, an Ohio resident, about selling his Florida property. Mrs. Chambers testified that she told Siler that she could not close until after July 2, 1980, when some certificates of deposit matured. She offered him a $1,000 deposit and the balance of $24,000 in cash at closing. Mrs. Chambers said she called Siler on the 5th of July and told him she was ready to complete the deal. She said she called him on several occasions, and that he told her not to worry.
Siler would not sign the contract without the $1,000 deposit; on September 30, 1980,[1] the Chamberses’ attorney sent Siler $1,000 “subject to you mailing to me the signed contract for sale and purchase.” Siler accepted the money, and both he and his wife executed the contract. He returned the contract to the Chamberses, who executed it on November 3, 1980. This effectively negated the earlier dates shown in the original contract. There was no closing date set in the contract ultimately executed, hence a reasonable time was implied by law. Cohodas v. Russell, 289 So.2d 55, 57 (Fla. 2d DCA 1974). Siler also sent the Chamberses’ attorney a copy of the abstract for the property.
At trial, the Chamberses’ attorney introduced a warranty deed that had been executed in Ohio by Siler’s wife. The deed had been prepared by the Chamberses’ attorney, and named them grantees. At the end of the trial, the trial judge orally found for the Silers, and had their attorney draft a final order. This appeal ensued.
The trial court set forth several bases to support its conclusion that the contract was unenforceable. One of those bases was “that the Plaintiffs made an election of remedies on January 14, 1981 (under paragraph 4 of the Contract) by instructing their attorney to demand the return of the deposit, and that Defendants accepted said election and tendered the return of the deposit.”
The proof in this regard is that on January 14, 1981, the Chamberses’ attorney sent Siler a letter which said in relevant part:
This is also to advise you that if this transaction is not closed by February 1, 1981, my clients have instructed me that they will want all of their money back and that they will not proceed any further in this matter.
The question, then, is whether or not Siler tendered the $1,000 back to the attorney for the Chamberses prior to the filing of the specific performance suit on January 23, 1981. The evidence in this regard is that sometime between Siler’s receipt of the aforesaid letter and February 1, 1981, he went to the office of Attorney McLeod, who *703 represented the Chamberses, and offered him the $1,000. The critical question is whether or not this tender preceded January 23, 1981, because if it did not, then the filing of the suit for specific performance operated to rescind the January 14th offer. The evidence, however, is that the response of McLeod to this tender was the statement to Siler that “he (McLeod) had to have the permission of his client first.” He made no mention of the offer having been rescinded by the filing of suit or otherwise, only that “he had to have an okay from the clients.” The logical inference from this evidence, and one obviously drawn by the trial judge, was that the tender was timely and constituted an acceptance by the sellers to the offer of rescission by the buyers. Therefore, there was a sufficient basis for the judgment denying specific performance.
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. While the $1,000 deposit demanded by Siler was not even sent until September 30, 1980, the contract itself had a “time for acceptance” date, J.e., the date by which both parties were required to execute the contract for it to be effective, of June 27.