Suit by Eula Rice, also known as Yula Rice, an unmarried woman, against J.Q. Baker and others for specific performance of a contract for sale of realty. From a decree for the plaintiff, the named defendant appeals.
Decree affirmed.
The facts of this case are somewhat complicated. A picture of the factual situation sufficient for the purposes of this opinion is, to-wit:
The appellant, J.Q. Baker, was one of the defendants below. His co-defendants were Anna V. Sturdevant and Stephen A. Sturdevant, her husband; Maggie Baker Mears and Raymond J. Mears, her husband. The appellee here, Eula Rice, was plaintiff in the lower court. Lewis E. Dawson is alleged, and admitted by the answer of the Sturdevants, to have been their duly constituted sales agent for certain real property located in Dade County, Florida, and in which tract or sub-division of land the lots in question are located. The legal title to this property was vested in Anna V. Sturdevant. On July 15th, 1940, Lewis E. Dawson entered into a contract with Howard Rice (the then husband of Eula Rice) and Eula Rice to sell to them the property herein involved. Howard and Eula Rice paid $10.00 down and agreed to *Page 838 
pay the sum of $10.00 per month until the purchase price of $400 was paid in full. The contract contained a provision that upon default of any of the payments therein specified to be made for a period of sixty days after maturity the contract should be terminated and the purchaser should forfeit all payments made under the contract and such payments "shall be retained by the Seller in full satisfaction and liquidation of damages by him sustained." The contract was not acknowledged by any of the parties thereto. Payments under the contract were made until March 27, 1942. In July, 1942, Howard Rice enlisted in the "Seabees". Thereafter Eula Rice went to reside in Georgia. Subsequently she rented the property in question to Raymond J. Mears and Maggie Baker Mears at a rental of $17.50 per month. A frame structure had been erected by Howard Rice and Eula Rice upon this property shortly after they took possession of the property under the contract.
When Howard Rice was separated from the Military Service in November, 1945, he did not return to his wife and child but went to the State of Oregon. Shortly thereafter he instituted successful proceedings for divorce against Eula Rice. After Eula Rice had rented the property to the Mearses, Maggie Baker Mears advised Eula Rice that her father, J.Q. Baker, would like to buy the property. This was in March, 1946. Mrs. Rice then wrote to the Sturdevants and inquired of them the amount of the balance due under her contract so she might pay the same and sell to the Mearses and Baker. The Sturdevants advised Mrs. Rice the amount due and payable to them and informed her that the property would be conveyed to her by them if she obtained a quitclaim deed from her divorced husband and paid the balance due under the contract, together with all delinquent taxes. Eula Rice subsequently obtained a quitclaim deed from her former husband. While negotiations were pending between Mrs. Rice, the Mearses and Baker, the Sturdevants executed a deed to J.Q. Baker. This deed contained the following recitals:
"This deed is also executed subject to a certain mortgage, presumably executed by Howard Rice and Yula Rice on their equity under a contract to Federal Housing Administration, to secure payment of the original amount of $399.96. This deed is executed also subject to a certain contract to purchase said property, held by Howard Rice or Howard Rice and Yula Rice, his wife, dated July 16, 1940, under which there is an unpaid principal balance of $220.00 and this deed is executed with the understanding that the Grantee herein is entitled to receive said balance, all rights of the Grantors herein in and to said contract being hereby transferred and assigned to the Grantee."
Before the institution of this suit Mrs. Rice, through her attorney, tendered the balance due under the contract to Baker and the Mearses and demanded a good and sufficient warranty deed from them. Upon filing her bill of complaint seeking specific performance of the contract, Mrs. Rice paid into the registry of the court the sum of $569.94 which was the full amount she estimated was due under the contract. The Special Master recommended a decree of specific performance. His report was approved and confirmed by the Chancellor when he entered the decree which is now before us on appeal.
It is first contended by appellant that the contract, by its own terms, terminated itself upon a default in the payments which existed for more than sixty days. He finds support for his position in several of our decisions. However, the cases upon which appellant relies are not applicable in the instant case. Payments were made by Howard and Eula Rice as provided in the contract and were accepted by the Sturdevants after the passage of more than sixty days from and after their maturity dates. The Sturdevants thereby recognized that the contract was valid and still subsisting. Subsequently, the Sturdevants offered to convey the property in question to Eula Rice upon her acquisition of a quitclaim deed from her former husband and upon payment of delinquent taxes and the balance due under the contract. By the recitations in the deed from the Sturdevants to J.Q. Baker, which have been set forth in extenso hereinabove, the Sturdevants again recognized the existence of the *Page 839 
contract and effectually waived any right which they may have had to insist upon the forfeiture clause of the contract. Moreover, J.Q. Baker was put on notice by the recitations in his deed from the Sturdevants of the existence of said contract and of the recognition of the fact that it was still subsisting. He cannot take the position that he was an innocent purchaser for a valuable consideration.
It is insisted by appellant that the contract between Lewis E. Dawson and Howard Rice and Eula Rice was not enforceable against Anna V. Sturdevant, or against her grantee, because the contract for the sale of the land was not executed and acknowledged by this married woman in the statutory form prescribed for conveyance of her real property and for relinquishment of her dower.
Regardless of the possible unenforceability of the contract on its face as against Anna V. Sturdevant, the facts and circumstances of this case require a court of conscience to declare this contract to be susceptible of enforcement. In all probability the contract here under consideration would have been enforceable had it been an oral contract. One of the well recognized exceptions to the Statute of Frauds is clearly applicable because every essential element necessary to relieve a parol sale of land from the operation of the Statute of Frauds is present. These elements are (1) payment of consideration; (2) possession by the vendee; or (3) the making by the vendee of valuable and permanent improvements upon the land with the consent or acquiescence of the vendor.
Furthermore, the language heretofore quoted which was contained in the deed from the Sturdevants to J.Q. Baker constituted on the part of Anna V. Sturdevant such ratification of the contract made by Lewis E. Dawson with Howard Rice and Eula Rice as to cure each and every infirmity which may have existed therein. This deed was executed by Mrs. Sturdevant with all the formality required by the law of Florida.
The decree appealed from is affirmed.
THOMAS, C.J., and CHAPMAN and ADAMS, JJ., concur. *Page 902