283 So.2d 143 (1973)
Joseph R. LANGLOIS, Appellant,
v.
ORIOLE LAND & DEVELOPMENT CORP., Formerly Known As Oriole-Margate, Inc., a Florida Corporation, Appellee.
No. 72-386.
District Court of Appeal of Florida, Fourth District.
September 14, 1973.
Rehearing Denied October 15, 1973.
*144 Francis K. Buckley, Buckley & Bland, Fort Lauderdale, for appellant.
Joe L. McClung, John B. Gregory, Jr., and Associates, Fort Lauderdale, for appellee.
OWEN, Chief Judge.
Appellant-plaintiff sought money damages for the defendant's breach of its contract to sell plaintiff certain real property. A jury verdict favorable to plaintiff was set aside and judgment entered for defendant. We reverse.
Defendant was engaged in the business of building and selling homes in Margate, Florida. Plaintiff visited the area, inspected one or more model homes, examined defendant's sales brochure, and spoke with Mr. Nye, defendant's salesman on the premises. As a result, plaintiff decided to purchase a home described as a "Camelot" model four-bedroom two-bath residence with a swimming pool to be constructed on Lot 9, Block H, Section 1, a canal lot. According to defendant's price list, this particular model house, with pool and situated on a canal lot, would sell for $28,090.00. Plaintiff put up a $500.00 deposit and received a receipt signed by Mr. Nye as follows:

Approximately four weeks later, the defendant prepared a formal purchase agreement and submitted it to the plaintiff for his signature. The proposed agreement placed upon the purchaser the burden of securing his own abstract of title and bearing the cost of state documentary stamps and the surtax, all contrary to local custom. The plaintiff refused to execute this formal agreement and as a consequence the defendant did not build the house.
Plaintiff then brought this suit for damages, alleging the receipt to be a contract. The defendant answered with a denial and the affirmative defense that the parties had entered into negotiations for a contract but had never entered into a contract. The Statute of Frauds (F.S.A., Section 725.01, F.S.A.) was not raised in the answer as an affirmative defense. By motion filed subsequent to verdict the defendant sought and obtained leave to amend the *145 answer to include such defense on the grounds that the issue had been tried by the express or implied consent of the parties and that the amendment was necessary to cause the pleadings to conform to the evidence admitted at trial. The order appealed, which set aside the jury verdict in favor of plaintiff and entered judgment for the defendant (and which alternatively granted defendant a new trial should such judgment be vacated or reversed on appeal) was based upon the finding that the Statute of Frauds was properly raised as a defense and that the instrument upon which the suit was brought did not meet the requirements of the Statute of Frauds.
Appellant's first point is that the instrument upon which the suit was brought did comply with the Statute of Frauds. His second point is that the defendant had waived the Statute of Frauds by its failure to properly raise it in the pleadings. We conclude that appellant is correct on both points, either of which would be sufficient to entitle him to a reversal.
The instrument upon which the suit was brought, i.e., the receipt was a sufficient note or memorandum in writing signed by the party to be charged so as to comply with the requirements of the Statute of Frauds. In all material respects, it is identical to the instrument which was held in the case of Schofield v. Talley, 1920, 79 Fla. 406, 84 So. 193, to comply with the requirements of the statute. Compliance with this statute does not require the same degree of certainty as to details of the contract as are required in cases dealing with the equitable relief of specific performance.
The defendant had not pleaded in its answer the affirmative defense of Statute of Frauds. It, as well as the trial court, relied upon the case of Trans World Marine Corp. v. Threlkeld, Fla.App. 1967, 201 So.2d 614 and Rule 1.190(b), RCP, 30 F.S.A., to permit a post-trial amendment on the basis of the issue having been tried by express or implied consent of the parties. The record discloses, however, that the Statute of Frauds was initially mentioned by defendant during argument on its motion for directed verdict after the close of the plaintiff's case. A similar argument was made on motion for directed verdict at the close of all of the evidence. There was no evidence relating to such issue as it pertained to the document in question other than what might be gleaned from an examination of the document itself. We hold, therefore, that under these circumstances the defendant had waived the affirmative defense of Statute of Frauds and the court erred in permitting a post-trial amendment to include such affirmative defense.
The order appealed is reversed and this cause remanded with instructions to reinstate the verdict and judgment for plaintiff.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.