348 So.2d 557 (1976)
John A. BENSON et al., Appellants,
v.
CHALFONTE DEVELOPMENT CORPORATION et al., Appellees.
No. 75-2048.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Rehearing Denied August 22, 1977.
Larry A. Klein and Cone, Owen, Wagner, Nugent, Johnson & McKoewn, West Palm Beach, and Stuart, Walker & Jenne, Fort Lauderdale, for appellants.
Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellees.
ALDERMAN, Judge.
This is an appeal from a final judgment of the Circuit Court of Palm Beach County. Appellants each sued appellee for damages arising out of an alleged breach of contract by appellee. The cases were consolidated. There was a trial but the jury was unable to reach a verdict. The consolidated actions were again set for trial. However, prior to commencement of jury selection, the trial *558 court, after reviewing the agreement sued upon by appellants, announced its intention to grant judgment for appellee due to the fact that it had determined as a matter of law that the agreement was unenforceable. In view of the trial court's announcement appellants waived their right to present additional evidence but preserved their right on this appeal to rely upon the existing record, including the transcript of the previous trial.
The record on appeal reflects that appellee executed and delivered to each appellant a written agreement entitled "Receipt for Deposit."[1] Each agreement acknowledged receipt of $1,000.00 towards the purchase price of a particular condominium unit (a unit number was inserted into each contract). Each agreement also stated that the deposit was to assure the purchaser the first option to purchase the designated apartment for a specified purchase price (a specified amount was written in). The purchaser was to be furnished a purchase contract when the model apartments were completed (approximately July-September 1973). The purchaser was then to have fourteen days from the date of being furnished the contract in which to examine, sign and return it to the seller. If purchaser elected not to accept the contract his deposit was to be returned to him plus interest at the current prevailing passbook rate in the bank of deposit (the funds were to be deposited in appellee's trust account). The agreement gave an anticipated completion schedule and provided that if this schedule could not be met for any unforeseen reason, or if the project could not be started in accordance with the terms stated, then both parties would be relieved of all obligation.
In June of 1973 appellee sent letters to appellants advising that the project was generally on schedule but stating that the overall cost of the project was going to be more than appellee had previously estimated and therefore appellee was raising the prices of the apartment about 16%. Appellants refused to accept the increase in price and filed suit seeking damages for breach of contract.
The trial court in its order found as a matter of law that the agreement in question on its face was not enforceable for the following reasons:
"1. In as much as plaintiffs, under the terms of the Receipt for Deposit, could at any time and at their option receive back from defendants the full amounts deposited *559 by plaintiffs together with interest thereon, the plaintiffs have not paid irrevocably an amount subject to forfeiture for the alleged option and therefore, there is no consideration for the option and the promise of the defendant.
"2. The Receipt for Deposit form does not contain sufficient definity of the essentials and details of an agreement between the parties and, in essence, fails to contain sufficient details of the option plaintiffs allegedly could exercise.
"3. The final paragraph of the Receipt for Deposit renders the alleged agreement or contract illusory."

I
We acknowledge that an option contract or agreement to be enforceable must be supported by some consideration. Without consideration an "option" is nothing more than an offer which may be withdrawn at any time before acceptance. Donahue v. Davis, 68 So.2d 163 (Fla. 1953). The first question then is whether, as a matter of law, from the terms of the agreement alone, the court below correctly concluded that there was no consideration. In support of the trial court's conclusion, appellee cites a number of cases from other jurisdictions which hold that where the amount deposited for an option is returnable, there is no consideration and the option is not enforceable. Aspinwall v. Ryan, 190 Or. 530, 226 P.2d 814 (1951); Friendly v. Elwert, 57 Or. 599, 112 P. 1085 (1911); Ford v. McGregor, 314 Ky. 116, 234 S.W.2d 493 (1950); Country Club Oil Co. v. Lee, 239 Minn. 148, 58 N.W.2d 247 (1953). We recognize the existence of a contrary view, but we believe that the law of Florida on this point was correctly expressed by Judge Rawls in King v. Hall, 306 So.2d 171 (Fla. 1st DCA 1975).
In King v. Hall there was an option agreement, one term of which provided:
"Seller shall give Buyer a fifteen (15) day no penalty option to purchase from the date of this instrument during which time the Buyer may decline to purchase the property and have the $3,000.00 reimbursed."
Within the 15 day period the buyer notified the seller that he was exercising the option; the seller, however, decided not to honor the contract. The trial court entered a summary judgment in favor of the seller on the ground the agreement was an option without consideration because the $3,000.00 had to be returned at the request of the buyer. The First District reversed, holding that there was sufficient consideration even though the option money was returnable, stating at page 173:
"While buyer's $3,000.00 deposit could have been drawn down within the fifteen days granted by the option, it did constitute sufficient consideration to support the agreement as it was a detriment or inconvenience to buyer to post it. It was done to show good faith and buyer was deprived of the use of the money during the period it was posted. It does not matter that the burden to the buyer was small or that the benefit to sellers was small. As stated by the Supreme Court in Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 313, 141 So. 298 (1932):
`A contract may be supported by any act of the plaintiff from which the defendant derives a benefit, or it may be supported by any labor, detriment, or inconvenience, however small, sustained by the plaintiff, if such act as performed or inconvenience suffered is by the consent express or implied of defendant.' [Emphasis supplied.]"
The fact that the deposits in the present case were to be placed in the appellee's trust account to earn interest at the current prevailing passbook rate in the bank of deposit, with the accumulated interest to be returned to appellants in the event their deposits were returned, does not necessarily mean that appellee did not derive a benefit, or that the appellants did not sustain a detriment or inconvenience. Although, under the terms of the option, appellants were to receive any accumulated interest if their deposits were returned, a jury might find that appellants suffered *560 some detriment and inconvenience in that they were deprived of the free and unrestricted use of their money during the period it was on deposit. A jury in this case might also conclude that appellee derived a benefit as a result of being able to use the option agreements obtained from appellants as promotional vehicles in its sales campaign to induce others to purchase. We cannot say as a matter of law that there was not some consideration, however small, to support the option agreements which are the subject of this appeal. Based upon the record before us, we conclude that there was a sufficient factual basis to submit this issue to the jury.

II
The second reason for dismissal stated by the trial court in its judgment was that the documents in question did not contain sufficient "definity" of the essentials and details of an agreement. It may well be that the agreements are not sufficiently definite to be susceptible of specific performance. However, even though an agreement may be too indefinite in its terms for specific enforcement, it may be certain enough to constitute a valid contract for breach of which damages may be recovered. Langlois v. Oriole Land & Development Corp., 283 So.2d 143 (Fla. 4th DCA 1973); Lasseter v. Dauer, 211 So.2d 584 (Fla. 3d DCA 1968); See also 17 Am.Jur.2d, Contracts § 76, at page 417.
The options in question were for particular apartments in Chalfonte Condominium. The exact dollar amount of the purchase price was spelled out in each agreement and estimated completion dates were given. In the event of a new trial in this case, we do not know if appellants would be able to establish by competent proof the existence of a valid contract, as well as a breach thereof by appellee with resulting damages to appellants. However, the agreements which are the subject of this appeal are not, as a matter of law, in this action for damages, fatally defective because of a lack of certainty. Langlois v. Oriole Land & Development Corp., supra.

III
Thirdly, the trial court was of the opinion that the final paragraph of the document rendered the agreement illusory. We respectfully disagree. The final paragraph by its own terms is applicable only "In the event that this schedule cannot be met for any unforeseen reason, or that the project cannot be started as anticipated in accordance with the terms stated above... ." All parties concede that there were disputed factual issues as to whether the project was started as anticipated or was on schedule. If the jury resolved these disputed factual issues against appellee the paragraph in question would not be applicable. As a matter of law, this portion of the option agreement does not render the option agreement illusory.
We conclude that the trial court erred in holding as a matter of law that the document entitled "Receipt for Deposit," was not a valid contract for breach of which damages may be recovered.
REVERSED and REMANDED for trial.
DOWNEY, J., and DURANT, JOSEPH N., Jr., Associate Judge, concur.
NOTES
[1] The full text of the "Receipt for Deposit" is as follows:

CARDINAL CONSTRUCTION CORPORATION BOCA RATON CHALFONTE RECEIPT FOR DEPOSIT
Receipt is hereby acknowledged of a deposit in the amount of $ ____ toward the purchase price of condominium unit no. ____ in the CHALFONTE Condominium to be constructed at 500 South Ocean Boulevard, Boca Raton, Florida.
This deposit is being placed with the Seller for purposes of assuring the Purchaser the first option to purchase the above designated apartment for a total purchase price of $ ____. The Purchaser will be furnished a Purchase Contract when the model apartments have been completed (approximately July-September 1973). The Purchaser shall have 14 days from the date of being furnished said contract within which to exam same, sign and return to the Seller.
In the event the Purchaser elects not to accept the Purchase Contract, all funds deposited pursuant to terms of this receipt shall be refunded immediately to the Purchaser, and both parties shall be relieved of all obligations hereunder.
The deposit herein will be placed in the Developer's trust account and will earn interest at the current prevailing passbook rate in the bank of deposit.
The anticipated schedule is as follows:
Construction of Tower I to be started in May of 1973, with completion in August of 1974. Construction of Tower II to start approximately September, 1973, with a completion date of December, 1974.
In the event that this schedule cannot be met for any unforeseen reason, or that the project cannot be started as anticipated in accordance with the terms stated above, then prior to the Purchase Contract and upon return of the deposit herein, together with accumulated interest, both parties shall be relieved of all obligations hereunder.
Witness our hands and seals this ____ day of ____, 19__
Please make your check payable to CHALFONTE trust account.