PER CURIAM.
Defendants Investors Diversified Construction, Inc., Joel S. Ratner and Regina Ratner appeal a final judgment for $18,-045.93 entered against them in this action for specific performance and damages and in essence contend that the trial judge erred in refusing to grant them a jury trial. We cannot agree.
Plaintiffs Norin Mortgage Corporation and Normor, Inc. granted defendant developers Investors Diversified Construction, Inc. and Joel Ratner a construction loan which subsequently went into default. The parties entered into a “work-out” agreement whereby the defendants agreed to turn over the completed building[1] to plaintiff lenders which would take a deed in lieu of foreclosure and give back to defendants a $100,000 letter of credit. Paragraph 7 of this agreement (which is the basis for the present action) provided that the defendants:
“. . hereby release, waive, remise and relinquish any and all right, title or interest whatsoever to or in any and all deposits given by a purchaser(s) or lessee^), together with any and all rental payments for the month of March, 1976 and all future months; . . .”
Thereafter, in calculating the required pro-rations, a dispute arose as to whether under paragraph 7 above plaintiffs were entitled to the security deposits or prepaid rents. The defendants took the position that these monies belonged to them because they were earned as collected and as a result of their refusal to turn over the prepaid rents collected prior to March, 1976, the lenders filed the instant lawsuit. The defendants having failed to file responsive pleadings, a default judgment and thereafter a final judgment was entered. They then moved to vacate the final judgment and after hearing argument of counsel, the trial judge by order of December 15, 1976 vacated the final judgment, directed defendants to file an answer on that same day and set the trial for December 29. Defendants filed their answer and on December 27 filed a demand for a jury trial. On December 29 defendants at the commencement of the trial renewed their demand for a jury trial and requested a continuance. The trial judge denied the demand for a jury trial and *871 continuance and the cause was tried non-jury. At the conclusion of the trial, the judge found that paragraph 7 of the agreement included prepaid rents advanced prior to March, 1976 to be utilized for months subsequent thereto. Thereupon, the judge entered final judgment for $18,045.93 in favor of plaintiffs. This appeal ensued.
It is clear that the order of December 15 vacating the final judgment and setting the case for trial did not contemplate a jury trial. In addition, it appears that counsel for defendants drew up the order which is silent with respect to a jury trial. Thus, we find no abuse of discretion on the part of the trial judge in trying the cause non-jury. Cf. Wertman v. Tipping, 166 So.2d 666 (Fla. 1st DCA 1964).
Furthermore, the construction of paragraph 7 (which is the basis for this action) was a matter of law to be determined by the court, not a jury. See City of Orlando v. H. L. Coble Construction Co., 282 So.2d 25 (Fla. 4th DCA 1973) and 7 Fla.Jur. Contracts § 73 (1956).
Affirmed.

. The building originally was intended to be a condominium but later was changed to a rental.