403 So.2d 456 (1981)
Emilio FOX and Frances Fox, His Wife, Appellants,
v.
The SAILS AT LAGUNA CLUB DEVELOPMENT CORPORATION, a Florida Corporation, Appellee.
No. 80-2464.
District Court of Appeal of Florida, Third District.
August 11, 1981.
*457 Gilbride & Heller and Lawrence Heller and Lewis N. Brown, Miami, for appellants.
James F. Comander, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appeal is taken from a final judgment of the circuit court of Dade County entered in favor of appellee corporation.
In August of 1979, appellants Fox executed unit reservation and deposit receipt agreements[1] for the purchase of three condominium *458 units at the Sails. Four months later, appellee attempted to return appellants' deposits and cancel the agreement, but appellants refused to accept the money. Appellants then filed this suit seeking specific performance of the agreements and money damages. Appellee answered the complaint alleging, inter alia, that the agreements in question did not satisfy the statute of frauds, and were too vague and indefinite to support an action for specific performance. Both sides moved for summary judgment, and the trial court granted appellee's motion on the basis of Socarras v. Claughton Hotels, Inc., 374 So.2d 1057 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 760 (Fla. 1980). In Socarras, this court denied specific performance of a land sales contract where the vendor's signed note did not incorporate all the essential terms necessary to make an enforceable contract for the sale of land.
Appellants raise two issues on appeal. First, they argue that the unit reservation and deposit receipt agreements signed by the parties were sufficiently definite to compel specific performance. Second, appellants contend that even if the signed agreements are not explicit enough to entitle them to specific performance, the trial court erred in denying appellants the opportunity to litigate their damage claims before a jury.
In order to obtain specific performance of a contract for the sale of real property, the statute of frauds, Section 725.01, Florida Statutes (1979), requires that the contract satisfy two conditions. One, the contract must be a writing signed by the party against whom enforcement is sought. Two, the writing must contain all of the essential terms of the sale and these terms may not be explained by resort to parol evidence. Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (1927); Socarras v. Claughton Hotels, Inc., supra; Cohodas v. Russell, 289 So.2d 55 (Fla. 2d DCA 1974). Although the agreements in the instant case were in writing and signed by both parties, the summary judgment entered below denying specific performance must be affirmed since many of the essential terms of the contract are omitted. While the agreements include the names of the parties to the transaction, the location of the subject property, and the purchase price, conspicuously absent is any mention of the terms of payment or time for payment. Appellants' attempt to cure this omission by showing that the parties understood that the seller would receive full payment at the time of closing and that the financing would be handled exclusively by a third party is unavailing. The writing itself must contain all of the necessary terms of sale, and missing elements may not be filled in by resort to parol evidence. Rundel v. Gordon, supra; Socarras v. Claughton Hotels, Inc., supra. Accordingly, we find that the unit reservation and deposit receipt agreements were not sufficiently explicit to warrant specific performance. Therefore, the trial court was correct in entering the summary judgment.
Although this is not a proper case for the grant of specific performance, appellants are not precluded from seeking damages for breach of the agreements. A lesser degree of certainty is required to afford relief for damages than is necessary to decree specific performance. Benson v. Chalfonte Development Corp., 348 So.2d 557 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 979 *459 (Fla. 1977); Langlois v. Oriole Land & Development Corp., 283 So.2d 143 (Fla. 4th DCA 1973); Lasseter v. Dauer, 211 So.2d 584 (Fla. 3d DCA 1968). In Benson, the parties entered into a deposit receipt agreement remarkably similar in substance to the one relied upon in this case. As here, the agreements in Benson were for particular apartments in the condominium development and the exact amount of the purchase price was spelled out in each agreement. When the seller attempted to increase the contract price, the buyer filed suit seeking damages for breach. In ruling that the trial court erred in holding as a matter of law that the deposit receipt was not a valid contract for which damages could be recovered, the Benson court stated:
In the event of a new trial in this case, we do not know if appellants would be able to establish by competent proof the existence of a valid contract, as well as a breach thereof by appellee with resulting damages to appellants. However, the agreements which are the subject of this appeal are not, as a matter of law, in this action for damages, fatally defective because of a lack of certainty.
348 So.2d at 560 (citations omitted). See also, Lasseter v. Dauer, supra. We agree with the reasoning of the Fourth District and apply it to the facts of this case. Since the summary judgment prevented appellants from litigating their damage claims, the cause is remanded in order that appellants may present evidence on the existence of a valid contract, breach of the contract, and damages.
The summary judgment entered in favor of appellee denying specific performance of the agreement is affirmed. The cause is remanded for trial on appellants' damage claims for breach of the agreement.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] The agreement read as follows:

RESERVATION OF UNIT
AND
RECEIPT FOR RETURNABLE DEPOSIT
THE SAILS AT LAGUNA CLUB, A CONDOMINIUM
 DATE: __________
Received from:
__________________________
(name of party reserving unit)
residing at: ________________________
The Sum of: $ _______________ returnable upon written demand.
THE SAILS AT LAGUNA CLUB DEVELOPMENT CORPORATION hereby reserve Unit
No. ___ together with its appurtenant interest in common elements of the
above proposed Condominium for sale to ________________ at a price of
$ ______.
 This reservation shall be effective for a period of 90 days after notice
by the developer by Certified Mail that those documents required by
Chapter 718 of the Florida Land Sales and Condominiums of the Department
of Business Regulation for the above condominium project have been
accepted for filing by said Division. Prior to executing a binding
contract to purchase the reserved unit the purchaser shall have the right
to receive documents for the above condominium project required by Chapter
718 of the Florida Statues, [sic] the Condominium Act.
THE SAILS AT LAGUNA CLUB DEVELOPMENT CORPORATION
By _________________ Party reserving unit _________________
NOTICE: YOUR DEPOSIT WILL BE HELD IN ESCROW BY GABRIEL CANALES,
 REALTOR, 8686 Coral Way, Miami, Florida. You may receive back your
 deposit upon written demand at any time before the execution of a
 purchase agreement. No such agreement may be made and no unit may
 be sold until documents required by Chapter 718 of the Florida
 Statues [sic] are accepted for filing with the division of Florida
 Sales and Condominium, of the Florida Department of Business
 Regulation.
An agreement for each of the three units was executed, containing
the appropriate unit number, price, purchaser, seller, and the
date signed.