404 So.2d 153 (1981)
BRICKELL TOWNHOUSE, INC., a Florida Corporation, Appellant,
v.
Howard HIRSCHFIELD, Appellee.
Nos. 80-1097, 80-1457 and 80-1557.
District Court of Appeal of Florida, Third District.
September 22, 1981.
Rehearing Denied October 16, 1981.
*154 Richard & Richard, Miami Beach, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellant.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Vincent E. Damian, Jr., Miami, for appellee.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
Howard Hirschfield was a tenant at an apartment building owned by the Brickell Townhouse, Inc., when it announced its plans to "go condo," a process it ultimately completed in the latter part of 1979. The landlord sued in the Dade County Court to evict Hirschfield for nonpayment of rent. Hirschfield counterclaimed for specific performance of an alleged agreement, made in the course of the condominium conversion, to convey his apartment to him, whereupon the cause was transferred to the circuit court for trial and disposition. The court granted the prayer for eviction but stayed the effect of that order indefinitely because of its conclusion that Hirschfield had established his right to specific performance. In case no. 80-1097, Brickell Townhouse appeals from the latter determination and, in case nos. 80-1457 and 80-1557, from subsequent ancillary orders requiring it to sell Hirschfield an underground parking space at the building. We reverse.
The evidence presented below fails entirely to establish the existence of an agreement for the sale of the apartment, to the essential terms of which both sides agreed. To the contrary, any offer that Brickell made to convey was met, not by Hirschfield's acceptance, but by a counteroffer, with significantly altered provisions, with which, in turn, Brickell did not concur. Under these circumstances, no binding contract of sale and purchase ever came into effect, and there was therefore no agreement which was legally enforceable in any fashion, much less by the extraordinary remedy of specific performance. Mehler v. Huston, 57 So.2d 836 (Fla. 1952); Bullock v. Harwick, 158 Fla. 834, 30 So.2d 539 (1947); Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92 (1910); Bucki v. Seitz, 39 Fla. 55, 21 So. 576 (1897); Fox v. The Sails at Laguna Club Development Corp., 403 So.2d 456 (Fla.3d DCA 1981); Mintzberg v. Golestaneh, 390 So.2d 759 (Fla.3d DCA 1980); Koplin v. Bennett, 155 So.2d 568 *155 (Fla. 1st DCA 1963). Moreover, the fact that Brickell did not execute any such agreement in writing precludes enforcement because of the statute of frauds. Section 725.01, Florida Statutes (1979); Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (1927); Fox v. The Sails at Laguna Club Development Corp., supra.
Upon these conclusions, which make it unnecessary to consider the other contentions advanced by the appellant, the judgment and orders under review are reversed and the cause remanded with directions to dismiss the counterclaim with prejudice and to require execution of the judgment of eviction forthwith.
Reversed and remanded.