436 So.2d 1083 (1983)
William J. VANDERVALK and Barbara Ann Vandervalk, His Wife, and International Trucking and Rigging Company, Inc., Appellants,
v.
Noland BREWER, Ronald A. Shears and Thomas A. Duckett, Appellees.
Nos. 82-1783, 82-1830.
District Court of Appeal of Florida, Third District.
September 6, 1983.
Horton, Perse & Ginsberg and Mallory H. Horton, John R. Sutton, Salley, Barns, Pajon, Guttman & Del Valle and William E. Davis, Miami, for appellants.
Greenfield & DuVal and Leo Greenfield, North Miami, for appellees.
*1084 Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
On February 10, 1973 the appellant, as lessor, and the appellees, Brewer and Shears, as lessees,[1] entered into a business lease covering certain real property in Dade County; said lease reads in part as follows:
* * * * * *
ADDENDUM "C" Paragraph 1
"Lessee is hereby granted two (2) options to purchase said property. Lessee has option to purchase said property at the end of the first five (5) year period for the sum of [*]$400,000.00. Should Lessee fail to exercise said option, he has a further option to purchase said property at the end of the first ten (10) year period for the sum of [*]$425,000.00. Said option to be exercised on at least thirty (30) days written notice to Lessor. The terms of payment shall be mutually agreeable between the parties and shall consist of a down payment of no more than Twenty-Nine (29%) percent and the balance to be payable on a long term note and mortgage.
[*]$400,000.00  Four hundred thousand dollars
[*]$425,000.00  Four Hundred Twenty-Five thousand dollars
* * * * * *
SEVENTEENTH: It is understood and agreed between the parties hereto that time is of the essence of this contract and this applies to all terms and conditions contained herein.
* * * * * *
Upon expiration of the five (5) year term the Lessee shall have a first option to renew this lease for an additional five (5) year term at a monthly rental of SEVENTEEN HUNDRED ($1,700.00) DOLLARS per month, said option shall be exercised at least sixty (60) days prior to the expiration of the first five (5) year term."
No valid election to execute the option for the second 5 year term was made as provided in the lease and the lessor recovered the possession of the demised property by a possessory action. Brewer v. Vandervalk, 374 So.2d 553 (Fla. 3d DCA 1979), cert. denied 383 So.2d 1191 (Fla. 1980).
After the conclusion of the proceeding in the possessory action the appellants commenced an independent action at law to recover for damages to the premises. The ousted lessees counterclaimed seeking to recover certain chattels left on the property, which had been the subject of a prior replevin action. The lessees then sought, by an amendment to their answer and counterclaim, specific performance of the option to purchase, contending that it was an independent agreement that survived the termination of the lease by the possessory action. The trial court, after hearing, entered an order granting specific performance and this appeal ensued.[2]
The question of whether or not a clause in a contract is an independent or a dependent covenant is a question of law. See Peacock Construction Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla. 1977); Manzo v. Patch Publishing Co., Inc., 403 So.2d 469 (Fla. 5th DCA 1981); Investors Diversified Construction, Inc. v. Norin Mortgage Corp., 358 So.2d 869 (Fla. 3d DCA 1978). From our reading of the lease in its entirety, we hold, as matter of law, that the option agreement was a dependent covenant that expired with the lease.
Counsel for the lessee contends that the lease was revived after the expiration of the first 5 year term by a document executed by the appellant, William J. Vandervalk, but not executed by his wife, Barbara Ann Vandervalk. First, this matter was disposed of in the earlier proceeding, *1085 see Brewer v. Vandervalk, 374 So.2d 553 (Fla. 3d DCA 1979), and second, one title holder cannot bind another to encumber real-estate without express authority.[3]Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982).
We hold that when the lease term expired as to the term, all rights to the option to purchase, likewise expired. Douglass v. Jones, supra; Gower-Goheen Realty, Inc. v. Braun, 215 So.2d 499 (Fla. 2d DCA 1968). Although we would not reach the point, it is also doubtful if the alleged option to purchase is definite enough to sustain a decree for specific performance. Fox v. Sails at Laguna Club Development Corporation, 403 So.2d 456 (Fla. 3d DCA 1981); Langlois v. Oriole Land & Development Corp., 283 So.2d 143 (Fla. 4th DCA 1973); Lasseter v. Dauer, 211 So.2d 584 (Fla. 3d DCA 1968).
In addition, after the property was returned to the appellants in 1978, they released the property, with a right of first refusal in event of sale, to Richard Kipp and Ann Kipp, who operate on the property International Trucking and Rigging Company, Inc. Both were permitted to intervene in the trial court proceedings and if the option to purchase were valid, on this record, the passage in time and change of circumstances may as a matter of law constitute laches on the part of those claiming the right to exercise the option of purchase. See DeHuy v. Osborne, 96 Fla. 435, 118 So. 161 (1928); Stoneman v. Peninsula Land Company, 124 So.2d 760 (Fla. 2d DCA 1960); Perry v. Benson, 107 So.2d 213 (Fla. 2d DCA 1958).
Therefore the final judgment awarding specific performance and other relief is reversed with directions to deny all relief to the appellees.
Reversed and remanded.
NOTES
[1] Subsequently, appellee Duckett, acquired some interest in the lease through Brewer and Shears.
[2] The appeals were filed by the Vandervalks, the original plaintiffs, in the trial court, and by the intervenor, International Trucking and Rigging Company, Inc. These appeals were then consolidated by order of his court.
[3] There are exceptions to this proposition when there are improvements to the property, which are not applicable in the instant case. Baker v. Rice, 37 So.2d 837 (Fla. 1948); Compare, Markos v. Raimondi, 108 So.2d 506 (Fla. 2d DCA 1959).