SCHWARTZ, Chief Judge.
The defendants below seek review under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)[1] of an order which determined that the plaintiff was entitled to the enforcement of the following option provision:
27. Option to Purchase DeCOLORES SEAT COVERS, INC. An option to purchase the upholstery shop business known as DECOLORES SEAT COVERS, INC. and the building and land upon which it is located, legally described as Lots 89, 89A, 90 and 90A, less the East 10 feet thereof and Lot 91 of KENILWORTH REVISION, according to the plat thereof, as recorded in Plat Book 5, at page 15 of the Public Records of Dade County, Florida and also known as 250 S.W. 22nd Avenue, Miami, Florida is hereby granted to KRANTZ or KRANTZ’S assigns, as well as granting the right of first refusal to purchase said business and property located thereon, which option shall continue for a period of ten years. The option shall be the fair market value of the real property, fixed assets and inventory and if the parties hereto cannot agree on such option price, such option price shall be determined by a licenses (sic) commercial appraiser agreeable to both parties. In the event both parties cannot agree to an appraiser, then and in that event, each shall choose an appraiser who shall appraise the property and business and the fair market value thereafter shall be determined by averaging such value as the (sic) determined by said appraisers.
Because, as in Fox v. Sails at Laguna Club Development Corp., 403 So.2d 456, 458 (Fla. 3d DCA 1981), which is determinative of the present controversy, the option makes no “mention of the terms of payment or time for payment” of the alleged transaction, the agreement is unenforceably vague and indefinite. See also Vandervalk v. Brewer, 436 So.2d 1083 (Fla. 3d DCA 1983); Socarras v. Claughton Hotels, Inc., 374 So.2d 1057 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 760 (Fla.1980); Lasseter v. Dauer, 211 So.2d 584 (Fla. 3d DCA 1968). Accordingly, the order under review is reversed and the cause remanded with directions to dismiss the complaint.

. A separate order below, of which the defendants seek certiorari review, appointed an "independent appraiser” to determine the fair market value of the property in question. While the appointment seems unjustified both because the contract in question does not permit a judicial determination of "fair market value” in any circumstance and because no such appointment may be made when, as here, a party has objected, see Fla.R.Civ.P. 1.490(c), our ruling on the merits has mooted the petition and it is therefore dismissed.