784 So.2d 538 (2001)
Manfred W. BUTTNER, Appellant,
v.
Sharon P. TALBOT, Trustee, Appellee.
No. 4D00-3184.
District Court of Appeal of Florida, Fourth District.
May 9, 2001.
*539 Harriet Rae Freeman, and Bruce W. Parrish, Jr., West Palm Beach, for appellant.
John L. Bryan, Jr., and S. Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellee.
POLEN, J.
Manfred Buttner ("seller") timely appeals after the trial court granted Sharon P. Talbot, as Trustee of the Sharon P. Talbot Land Trust, ("buyer"), specific performance of the parties' contract for the sale and purchase of an apartment complex ("contract"). We affirm on all issues raised.

Facts
The buyer in this case is an attorney who in the past represented the seller in real estate matters. The seller is a real estate broker himself and owns multiple real properties. One of his properties was encumbered by liens and mortgages in excess of $250,000. It was scheduled to be auctioned off for failure to pay $67,627.55 in taxes.
After seller unsuccessfully tried borrowing money to repay the taxes, the buyer agreed to loan him the money. In return, the seller agreed to sell buyer the property. The buyer contacted an outside attorney to prepare a contract for the purchase and sale of the subject property.
Pursuant to the contract, seller agreed to sell the property to buyer, as trustee for the not-yet-formed Sharon P. Talbot Land Trust,[1] for $1 million. Seller also agreed to a purchase money mortgage in the amount of $933,000 to be paid within 15 years at 8% interest. Buyer, in return, agreed to let seller stay in two of the units for two more years rent free.
Of further import, the contract provided that seller had to convey marketable title as follows:
If title is found defective, Buyer shall within said 5 days notify Seller in writing specifying the defect(s). If defect(s) render title unmarketable, Seller will have 30 days from receipt of notice to remove the defects, failing which Buyer shall, within five (5) days ... deliver written notice to Seller either: (1) extending the time for a reasonable period not to exceed 120 days within which Seller shall use diligent effort to remove the defects; or (2) requesting a refund of deposit(s) paid which shall be immediately returned to Buyer. If Buyer fails to notify Seller, Buyer shall be deemed to have accepted the title as it then is....
The contract contained an addendum calling for repayment of buyer's "deposit" if the sale did not get completed. Paragraph 3 of the addendum to the contract provided,
In [the] event [the] sale is not completed due to title being unmarketable Purchaser shall be repaid deposit paid to *540 cure tax arrearage by note and mortgage for $67,627.55....
The note and mortgage in the amount of $67,627.55 in favor of buyer was executed at the same time the addendum was.
The next day the seller went to the courthouse and paid the back taxes due on the property and, according to buyer, then refused to close the sale. Seller claimed his accountant advised him he was not selling the property for enough money. Buyer, however, insisted on going forward with the sale.
Seller then retained his own lawyer. Buyer's lawyer subsequently conducted a title investigation revealing several liens and encumbrances against the property. Buyer's lawyer sent seller's lawyer copies of the documents showing the liens and encumbrances and asked that they be resolved. Seller's lawyer sent back a letter stating that seller lacked the funds to close and suggested the parties cancel the contract. The buyer herself then sent Seller's attorney a letter notifying him that she was still "ready, willing and able to close the above-reference transaction, tomorrow...."
After the seller refused to consummate closing, buyer sued for specific performance. Seller affirmatively defended based on 1) impossibility of performance due to unmarketable title; 2) both parties' having canceled the contract; and 3) the buyer's having breached her fiduciary duty to seller.
The trial court found that the intent of the note/mortgage provision in the addendum was to secure repayment of the $67,627.55 to the buyer in the event the sale was not completed. It determined that if the property was conveyed to the buyer, the parties intended to cancel the note and mortgage. In this vein, it noted that no payments were ever made by the seller on the note and mortgage. It found that the addendum in no way altered the buyer's contractual right to waive defects and did not give seller a right to refuse due to title defects.
The court held buyer did waive the defects by sending a letter to seller stating she was ready, willing, and able to close. It also found seller refused to close because he believed he agreed to sell the property for too little. It further found that notwithstanding a provision in the addendum waiving any possible attorney-client conflict existing between buyer and seller, no such conflict ever existed when the contract was executed. It then granted buyer specific performance.
Seller filed a motion for rehearing in which he argued for the first time that the buyer was a nonentity and, thus, she could not pursue this action. He also argued for the first time that no consideration was given in exchange for his agreement to sell the property. The court denied his motion. This appeal followed.

Buyer's Status as a Non-entity
Seller first argues a non-entity, such as the buyer's land trust here, cannot bring and maintain an action, let alone for specific performance. Notwithstanding that seller waived this argument by failing to address it at trial, see Trinchitella v. D.R.F., Inc., 584 So.2d 35, 35 (Fla. 4th DCA 1991), it still fails under section 689.07, Florida Statutes (1999). That section provides, in pertinent part,
"Trustee" or "as trustee" added to name of grantee, transferee, assignee, or mortgagee transfers interest or creates lien as if additional word or words not used
(1) Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries *541 are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey, and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance....
§ 689.07(1), Fla. Stat. (1999). Under the express language in this statute, the fact that buyer's land trust had not been formed did not affect her ability to close on the sale, for she would have received fee simple ownership upon closing. Accordingly, we affirm as to this issue.

Consideration for the Contract
Seller also argues the contract fails for lack of consideration. This argument is belied by the record, which shows there was consideration in the form of the purchase money mortgage as well as the buyer's allowing the seller to live rent-free for two years on the property and paying the back taxes owed on the property.

Effect of the Addendum
Seller then challenges the trial court's interpretation of the note/mortgage provision in the addendum. Reviewing the contract de novo, the benefit of the addendum was strictly for the buyer, i.e., to make sure the buyer did not pay the seller's back taxes gratuitously in case closing did not occur. Nothing in the addendum altered the buyer's and seller's obligations in proceeding with closing. As the trial court found, the buyer waived all title defects, as the contract allowed her to do, but the seller reneged unjustly. Accordingly, we affirm here as well.

Availability of Equitable Relief
Seller also argues specific performance should not have been granted because the buyer had unclean hands. He argues because she was his former attorney, she used her fiduciary relationship to cheat him out of his property. The record, however, again belies his argument. The parties had an outside attorney draft the contract and addendum and attend their negotiations.
In short, it seems to us that seller simply tried to eat his cake and have it too. He negotiated the deal to save his property and thereafter had seller's remorse. The only party with unclean hands here appears to be the seller and, as such, we reject his argument.
As to all other issues raised in this appeal, we affirm as unpersuasive.
AFFIRMED.
TAYLOR, J. and DAMOORGIAN, DORIAN K., Associate Judge, concur.
NOTES
[1] She testified the land trust was going to be prepared for closing.