949 So.2d 1048 (2006)
Alex CALDWELL, Appellant,
v.
Jacqueline SNYDER, Appellee.
No. 3D05-914.
District Court of Appeal of Florida, Third District.
December 6, 2006.
Rehearing Denied March 21, 2007.
*1049 Nancy Little Hoffmann, Pompano Beach, for appellant.
Jane Kreusler-Walsh, and Barbara J. Compiani, West Palm Beach; and Anthony J. Alfero, Ft. Lauderdale, for appellee.
Before COPE, C.J., and GERSTEN, and SHEPHERD, JJ.
GERSTEN, J.
Alex Caldwell ("Caldwell"), appeals the trial court's denial of specific performance of his contract with Jacqueline Snyder ("Snyder"). We reverse.
Caldwell negotiated with Snyder to purchase Snyder's RV lot in the Keys. Snyder agreed to sell the lot to Caldwell for $200,000.00. Caldwell prepared a handwritten memorandum outlining their agreement and gave Snyder a $5,000.00 check as a deposit on the property.
Snyder deposited Caldwell's check and asked her attorney, Charles Milligan ("Milligan"), to draw up closing documents on the property. After Caldwell's check bounced, Milligan sent Caldwell's attorney, Scott Bender ("Bender"), the following letter:
Dear Mr. Bender:
Please be advised that I have discussed the above referenced matter with my client and wish to advise you of certain non-negotiable conditions with respect to the purchase of the said Lot. Those conditions are as follows:
A. That the purchase price will be agreed upon-$200,000.00
B. That the transaction shall close by 12 Noon on Thursday, March 14, 2002.
C. That Mrs. Snyder is permitted to have her mobile home remain on the said Lot until Monday, March 18, 2002.
D. That the $5,000.00 will be transferred to Charles M. Milligan Trust Account by wire transfer before 3:00 p.m. on Monday, March 11, 2002.
Your client can either wire transfer the funds necessary to close or appear at my office before Noon on Thursday with cash on hand. I am forwarding you the Title Commitment, the original Mortgage and Note, which should be executed by the Caldwells and returned to my office prior to the closing via overnight mail. In the event that any of the conditions are unacceptable to your client, be advised that my client shall deem the contract null and void. I trust that you will advise your client of these conditions and in the event that they still wish to purchase the property, that they will abide by the terms and conditions set forth above.
Caldwell sent a cashier's check by overnight mail on March 10. The following day, Bender called Milligan to confirm that Snyder received the payment prior to the 3:00 p.m. deadline. Milligan informed Bender that Snyder no longer wanted to sell the property.[1] In response, Bender *1050 faxed a letter to Milligan which acknowledged Snyder's decision not to sell, and threatened to pursue legal action if Snyder did not follow through with the sale.
Milligan deposited Caldwell's check. On March 14, Caldwell showed up at Milligan's office with the remaining $46,600.00, and signed the closing documents. Snyder, however, refused to complete the sale. Caldwell then filed suit for specific performance and damages for breach of contract.
The trial court denied the claim for specific performance. The court found the March 8th letter from Milligan to Caldwell was an offer to sell the property, but there was no enforceable contract because Caldwell sent a cashier's check rather than a wire transfer. The court further determined that Snyder revoked her offer to sell prior to any "acceptance." We disagree and reverse.
On appeal, Snyder contends that the contract was void because the mode of payment was not identical to the non-negotiable terms that Snyder requested in her offer. This argument fails for several reasons.
First, Snyder waived this argument by failing to raise it at trial. Buttner v. Talbot, 784 So.2d 538 (Fla. 4th DCA 2001)(seller waived argument by failing to address it at trial). Second, even if Snyder properly raised this issue at trial, the argument is meritless. The record shows that neither Snyder nor her attorney objected to the form of payment when Caldwell delivered the cashier's check. In fact, Snyder's attorney deposited the cashier's check and then drew up the closing documents. Snyder gave no indication that the mode of payment was unacceptable. See Jackson v. L.D. McReynolds, Inc., 430 So.2d 873 (Ala.1983)(a cashier's check may constitute sufficient tender where the parties do not object to this method of payment).
Further, by accepting Caldwell's cashier's check, there was a "meeting of the minds" between the buyer and seller. The offer was accepted. A valid contract was formed. Snyder waived strict compliance with her offer's designated mode of payment by accepting the cashier's check without any objection. See Bush v. Ayer, 728 So.2d 799 (Fla. 4th DCA 1999).
Having determined that a valid contract was formed when Snyder accepted the cashier's check, we do not need to address the remaining issues. Accordingly, we reverse with instructions for the trial court to enter an order for specific performance of the contract between Snyder and Caldwell.
Reversed and remanded.
NOTES
[1] It appears from the record that Snyder did not want to go through with the sale because she received a higher offer from another potential buyer subsequent to her negotiating the contract with Caldwell.