992 So.2d 424 (2008)
Mauricio Aranzazu ALZATE, Appellant,
v.
Eva Arminda LAZARO and Alicia Fashions, Inc., Appellees.
No. 3D06-2406.
District Court of Appeal of Florida, Third District.
October 15, 2008.
*425 Benitez & Associates and Leo Benitez, Coral Gables, for appellant.
Dearr Perdigon and Craig R. Dearr, Miami, for appellees.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
COPE, J.
This is an appeal of an order denying a second amended complaint seeking specific performance and damages arising out of a dispute over a sale of a commercial building. We affirm in part and reverse in part.
In 2003 the plaintiff-appellant Mauricio Aranzazu Alzate leased commercial space on Northwest Second Avenue in the City of Miami. The lease identifies the landlord as being defendants-appellees Eva Arminda Lazaro and/or Alicia Fashion, Inc.
In August 2004, the parties executed a notarized document which states:
 AFFIDAVIT
 BEFORE ME PERSONALLY APPEARRED [sic] EVA A. LAZARO, AND AFTER
 BEING DULLY [sic] DEPOSED ATTEST THE FOLLOWING:
 I RECEIVED HAVE ENTERED INTO AN AGREEMENT WITH MAURICIO
 ARANZAZU ALZATE, ... TO SELL THE PROPERTY LOCATED AT 3490 NW 2
 AVE., MIAMI, FLORIDA 33127 WITH FOLIO NUMBER XX-XXXXXXXXXX THE
 AGREED SALES PRICE IS TWO HUNDRED THOUSAND DOLLARS. THE
 CLOSING IS TO BE HELD NO LATTER [sic] THAN DECEMBER 31, 2004.
 I HEREBY ACKNOWLEDGE RECEIPT OF FIFTY NINE THOUSAND DOLLARS
 $59,000.00 AS EARNEST MONEY DEPOSIT.
 AN ADDITIONAL DEPOSIT IN THE AMOUNT $25,000.00 PRIOR TO CLOSING IS
 AGREED AND EXPECTED.
 S/ S/ 
 EVA A. LAZARO/SELLER MAURICIO A. ALZATE/BUYER
According to the second amended complaint, Alzate ("the Buyer") paid the deposit of $59,000 to Lazaro ("the Seller"). The Buyer alleges that the closing date was orally extended to December 2005. The Seller then refused to close.
The Buyer brought suit for specific performance, breach of contract, and fraud. The trial court dismissed the second amended complaint without prejudice to the Buyer to amend to seek a return of the *426 deposit.[1] The Buyer elected to stand on the second amended complaint and filed this appeal.
Construing the Affidavit as being the parties' contract, we entirely agree with the trial court that the contract is not sufficiently definite to be enforceable by an action for specific performance. The Florida Supreme Court has said that where the remedy of specific performance is sought:
The contract should be definite, and its enforcement practical and equitable.
Where it is sought to enforce in equity a contract for the sale of land, it is essential that the terms of the contract shall be expressed with reasonable certainty, and what is reasonable in any case must depend upon the subject-matter of the agreement, the purpose for which it was entered into, the situation and relation of the parties, and the circumstances under which it was made....
. . . .
When written memoranda are relied upon to take a contract for the sale of land out of the statute of frauds, the writings themselves should show the essential elements of the contract.... The matter of consideration, manner of payment, security for deferred payments, interest, dates when they shall become due, acts to be done by either party, and other essential conditions of the contract, must be certain, and must so appear from the written memoranda constituting the contract.
Rundel v. Gordon, 92 Fla. 1110, 111 So. 386, 387-88 (1927);[2]Fox v. Sails at Laguna Club Dev. Corp., 403 So.2d 456, 458 (Fla. 3d DCA 1981); Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1060 (Fla. 3d DCA 1979). We affirm the dismissal of the specific performance count on authority of the cited cases.[3]
We reach a different conclusion regarding count two, the claim for damages. The Seller argues that if the contract is not sufficient to support a claim for specific performance, it follows that the contract also cannot support a claim for damages.
This court, however, has held that "[a] lesser degree of certainty is required to afford relief for damages than is necessary to decree specific performance." Fox, 403 So.2d at 458 (citing Benson v. Chalfonte Dev. Corp., 348 So.2d 557 (Fla. 4th DCA 1976); Langlois v. Oriole Land & Dev. Corp., 283 So.2d 143 (Fla. 4th DCA 1973); Lasseter v. Dauer, 211 So.2d 584 (Fla. 3d DCA 1968)); see also Schofield v. Talley, 79 Fla. 406, 84 So. 193 (1920); Porry v. Ludwig, 564 So.2d 526 (Fla. 3d DCA 1990); 48 Fla. Jur.2d Specific Performance § 34, at 159 (2007). The contract involved in this case is comparable to that involved in the Fox case. See 403 So.2d at 458-59 n. 1.
*427 Based on the cited cases, we reverse the order insofar as it dismissed count two, for breach of contract. The parties have not addressed what the correct measure of damages may be if a breach is established, and we express no opinion on that issue.
We concur with the trial court's dismissal of count three, for fraud, without discussion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The Seller apparently asserts a right to setoffs against the deposit.
[2] The Rundel case contains a partial exception, not applicable here, that "when the writings showed that a particular tract was in the minds of the parties as distinguished from other lands, parol evidence may be resorted to for the purpose of applying the description or identifying the land." Id. at 388.
[3] The buyer argues that his contract was almost identical to that contained in Caldwell v. Snyder, 949 So.2d 1048 (Fla. 3d DCA 2006), but that is not so. In Caldwell the transaction began with a handwritten memorandum outlining the agreement (which is not quoted in the opinion), id. at 1059, followed by a communication from seller's counsel (which is quoted). Id. The issue in the case was whether the buyer's mode of payment was sufficient to constitute an acceptance. Id. at 1050. The Caldwell case did not involve the issue now before us.